## Bagby *et al. versus* The Atlantic, Mississippi and Ohio Railroad Co., Defendant, and The Pennsylvania Railroad Co., Garnishees.

1. Where a receiver has been appointed by the courts of another state, the courts of Pennsylvania, on the ground of the comity existing between the states, will recognise his appointment, provided his claims thereunder do not come into conflict with the rights of citizens of our own state.

2. Where a receiver of a corporation has been appointed by a court of competent jurisdiction in another state, a creditor who resides in that state and is bound by the decree of its court appointing said receiver, cannot, in an attachment execution, recover assets of the corporation in Pennsylvania, which the receiver claims.

February 14th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county*: Of January Term 1878, No. 167.

[Bagby *v.* Atlantic, Miss. & Ohio Railroad Co.]

Foreign attachment, issued by Bagby & Rogers against the Atlantic, Mississippi and Ohio Railroad Company, defendants, and the Pennsylvania Railroad Company, garnishees. A case was stated for the opinion of the court, substantially as follows :—

On June 5th 1876, a writ of foreign attachment issued, with an endorsed order to attach the goods, chattels, &c., of the defendant company, in the hands of the Philadelphia, Wilmington and Baltimore Railroad Company. Plaintiffs were residents and citizens of Virginia, and the defendant a corporation of that state, having its principal office at Petersburg, Virginia.

Upon June 10th 1876, the endorsement on the writ of foreign attachment was amended so as to direct the sheriff to also attach the estate, rights, credits and effects of the defendant in the hands of the Pennsylvania Railroad Company; and upon June 12th 1876, the writ was served on said company. Judgment was afterwards duly entered against the defendant company for want of an affidavit of defence, and damages assessed at $855.07, as of October 7th 1876.

A scire facias was issued against the Pennsylvania Railroad Company as garnishee, and a plea of *nulla bona* filed thereto.

Upon March 13th 1876, a bill in equity was filed in the Circuit Court of the United States for the Eastern District of Virginia, at Richmond, Virginia, against the said Atlantic, Mississippi and Ohio Railroad Company, by trustees, praying for the foreclosure of a certain mortgage theretofore made by said railroad company to said trustees, and for a receiver of the mortgaged premises.

Upon June 6th 1876, an order was made in said cause, appointing receivers, and their bond was filed upon June 12th 1876. The receivers took actual possession of the railroad upon and from June 13th 1876.

The defendant company and the Pennsylvania Railroad Company had had business transactions together, arising out of the sales by each, upon account of the other, of through passenger tickets over the roads of the two companies and others connecting the same. A settlement of the accounts between said companies of this business showed that upon June 6th 1876, there was in the hands of the Pennsylvania Railroad Company a net balance of $1154.89, due by it to said Atlantic, Mississippi and Ohio Railroad Company.

The receivers claimed from the Pennsylvania Railroad Company the above amount as part of the property of the Atlantic, Mississippi and Ohio Railroad Company, of which they are receivers.

If the court, upon this statement, should be of the opinion that the plaintiffs are entitled to recover, judgment was to be entered in their favor for $855.07, with interest from October 7th 1876, otherwise judgment to be entered for the garnishee.

The court said : " Under the facts stated in this record, we adhere to our opinion, expressed in 3 W. N. C. 457. This is, in our

[Bagby *v.* Atlantic, Miss. & Ohio Railroad Co.]

opinion, a case in which we ought not to exercise our discretion in favor of the attaching creditor. The general principles stated by the court, in Mulliken *v.* Aughinbaugh, 1 P. & W. 117, seem to direct our judgment to this conclusion.

" Judgment for garnishees."

This judgment was assigned for error by the plaintiffs.

*F. E.* and *F. C. Brewster,* for plaintiffs in error.—The only question is : Can the receiver of a foreign corporation, appointed in a foreign state, make good his claim to a fund in this state, belonging to the corporation, which fund had been attached by a foreign creditor of the corporation defendant ?

As the receiver was simply the officer of the court that appointed him, and had no extra-territorial jurisdiction, his claim to the fund in this state was not good, as against the rights of the attaching creditors : High on Receivers, sect. 47 ; Hoyt *v.* Thompson, 5 N. Y. 320 ; Willets *v.* Waite, 25 Id. 577 ; Taylor *v.* Columbian Ins. Co., 14 Allen 353 ; Hunt *v.* Columbian Ins. Co., 55 Maine 290 ; Booth *v.* Clark, 17 Howard 322.

It is contended by the receiver that though he has no extra-territorial jurisdiction, yet inasmuch as the plaintiffs in error are residents of the state of Virginia, the court, upon considerations of comity, should recognise the receiver, no detriment being thereby caused to citizens of Pennsylvania. In answer to this, it is submitted that having sued for their claim in a court in this state, and having invoked the aid of its process, they should be considered *quoad hoc* citizens of this state, as against the receiver, who has no status whatever : Warren *v.* Union National Bank, 7 Phila. R. 156.

*Thomas Hart, Jr.,* and *Chapman Biddle,* for defendant in error. —There is no question of the protection of Pennsylvania citizens involved. On the contrary, the case is the bare one of an attempt by a citizen of Virginia to reach, through the attachment laws of this state, a fund which had theretofore passed to the receivers of his debtor, appointed by a court of the same state as the creditor, and thus to obtain a preference over other creditors of the defendant. Mulliken *v.* Aughinbaugh, 1 P. & W. 117, is in point.

The appointment of a receiver in one state is now recognised as a matter of comity in others, unless his claims come in conflict with those of citizens of the state in which the proceedings arise : High on Receivers, sect. 47 ; Runk *v.* St. John, 29 Barb. 585.

Where the pursuing creditors are not citizens of the state whose process is invoked, the courts thereof will not sustain their claim in preference to that previously acquired by a receiver, trustee or assignee, obtaining title under the laws of another state : Bentley *v.* Whittemore, 4 C. E. Green 462 ; Burlock *v.* Taylor, 16 Pick. 335 ; Moore *v.* Bonnell, 2 Vroom 90 ; Sanderson *v.* Bradford, 10 N. H. 265.

[Bagby *v.* Atlantic, Miss. & Ohio Railroad Co.]

Chief Justice AGNEW delivered the opinion of the court, February 25th 1878.

It is true that the plaintiffs below had a right to sue in this state, just as one of our own citizens might, as we held in Morgan *v.* Neville, 24 P. F. Smith 52. But while suit for the debt may be maintained, it is not a legal consequence that the extra-territorial act of an appointment of a receiver in Virginia, must be rejected as a defence against these plaintiffs. Such an act, like an assignment by operation of extra-territorial law, rests upon the doctrine of comity, to which our state courts lend their aid when not in conflict with the rights of our own citizens.. But this comity should not be exercised where the Virginia court would not itself justify its enforcement. Now it is clear that as to these plaintiffs, who were citizens of Virginia, the appointment of a receiver was not extra-territorial, but was an act binding on them, which the Virginia court would enforce as to them, had their action been brought in Virginia. Then certainly they have no right after the appointment of a receiver, by a court within their own state, binding on them there, to attempt to avoid its effect by escaping from its jurisdiction and coming here to ask us to infringe the comity we owe to the acts of their own courts within their jurisdiction. Instead of comity, this would be unfriendliness, for they ask us to aid them in a violation of their own law. Our own citizens would be protected against the extra-territorial act in a proper case, because they are not bound by it, and our assistance given to the extra-territorial act, resting only in comity, would not be given at the expense of injustice to them. The case does not fall within the first clause, second section, of the fourth article of the constitution of the United States, that "the citizens of each state shall be entitled to all privileges and immunities of citizens of the several states." As to a citizen of Virginia, the appointment of a receiver in Virginia, binding on him there, is not set aside by this clause of the constitution. The equitable transfer of the debt there is binding on him here.          Judgment affirmed.