## KITTEL v. AUGUSTA, T. & G. R. CO. et al.

(Circuit Court, S. D. New York. February 22, 1897.)

1. RECEIVERS OF FEDERAL COURTS—PROPERTY IN OTHER STATES.
    A federal court in one state cannot reach property in another state by means of a receiver.

2. RAILROADS—EXECUTION SALE—RIGHTS OF CREDITORS.
    A corporation to which the purchaser of railroad property at an execution sale has conveyed such property cannot be held liable, to creditors of the execution debtor, for or on account of the price paid for the property at the execution sale.

3. CORPORATIONS—DIRECTOR AS JUDGMENT CREDITOR—PREFERENCES.
    Defendant, who was a director and also a creditor of the A. Ry. Co., caused its property to be sold under execution upon a judgment against it for his debt, and bought in the property for $100,000. Held that, though he had obtained no more than any creditor not standing in a trust relation could have, he should not, being a director, obtain any preference, and would be required to account to another creditor for a ratable proportion of the $100,000.

John A. Straley, for plaintiff.
Charles B. Meyer, for defendants.

WHEELER, District Judge. The plaintiff is alleged to be a citizen of New York; the defendant Clark, of New Jersey; and the defendants the Augusta, Tallahassee & Gulf Railroad Company and the Carrabelle, Tallahassee & Georgia Railroad Company, of Florida, doing business in New York. The plaintiff had mortgages of $29,450 on 109,000 acres of land of the Augusta Railroad Company in Florida, whose road there was partly built; and the defendant Clark, who was largely interested in that road, had advanced to that company $257,994.19, which had gone into one note of $235,000, and by mistaken duplication of items, in absence of the plaintiff, into another of $151,324.10. Suit was brought upon these notes in the circuit court of the United States for the Northern district of Florida, and judgment on default was entered therein for the plaintiff for the full amount of these notes, $432,228.42, with costs. Execution was issued upon this judgment, and all the property of the railroad company, except the lands subject to the plaintiff's mortgage, was sold thereupon to the defendant Clark for $100,000. The Carrabelle Railroad Company was organized, the property bought by Clark was transferred to that company, and the construction of the road was proceeded with. The plaintiff, by foreclosure of his mortgages and sale of the property mortgaged, after the plaintiff's judgment, procured a deficiency judgment in the same court against the same company, for $6,893.05, on which execution issued, and was returned nulla bona. This suit is brought to reach the property which was of the Augusta Railroad Company, and now is in the hands of the Carrabelle Railroad Company, by injunction and receiver, or the $100,000 for which it was sold, by money decree, for satisfaction of the plaintiff's deficiency judgment.

That the property in Florida cannot be reached from here by a receiver seems quite obvious. It is without the jurisdiction. That the Carrabelle Company cannot be held liable anywhere for or on

account of the $100,000 seems equally plain, for that company never had anything to do with that money. So the bill must be dismissed as to that defendant. This obviates the question of duplicity, which has been set up on account of these two forms of relief prayed.

If the defendant Clark had assumed enforcement of his judgment beyond what was justly due upon it, he might have made himself liable for any excess so obtained, but he did not. He promptly, on discovering the error, remitted the excess; and the amount realized was so much less than the true amount that the error never has made or could make any difference to any one. He was an active and controlling director, and also a creditor with a just debt. The assets of the corporation should, and on proper proceedings would, be applied equitably, which would be ratably, upon the corporate debts. He did no more than any creditor might do, and got no more than any creditor standing out of any trust relation might have. But, as a director, he ought not to have any preference over any other creditor, and, if he should divide ratably with the plaintiff, he would not have. The $100,000 so divided would seem to give the plaintiff $1,901, and leave him $98,099. The plaintiff should accordingly have a decree for that sum, but—it is so small a part of what he has claimed—without costs.

Let a decree be entered dismissing the bill as to the Carrabelle Railroad Company, with costs; as to the Augusta Railroad Company, without costs; and against defendant Clark for $1,901, without costs.