STERRETT, AS RECEIVER OF THE ALABAMA TRUST & SAVINGS COMPANY, *v.* SECOND NATIONAL BANK OF CINCINNATI, OHIO.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 378.   Argued November 8, 1918.—Decided December 9, 1918.

A chancery receiver has no authority to sue in the courts of a foreign jurisdiction to recover demands or property therein situated. *Booth* v. *Clark,* 17 How. 322.   P. 76.

Certain Alabama laws, relating to the administration of the assets of insolvent banking and other corporations (Code, 1907, §§ 3509, 3511, 3512, 3560), *held* not to vest title in the receiver so as to enable him to sue in the District Court in another State without an ancillary appointment.   P. 77.

246 Fed. Rep. 753, affirmed.

THE case is stated in the opinion.

*Mr. Edmund H. Dryer,* with whom *Mr. Philip Roettinger* and *Mr. S. C. Roettinger* were on the briefs, for petitioner.

*Mr. Lawrence Maxwell,* with whom *Mr. Charles M. Leslie* was on the brief, for respondent.

MR. JUSTICE DAY delivered the opinion of the court.

The plaintiff, as receiver of the Alabama Trust & Savings Company, a banking corporation organized under the laws of the State of Alabama, filed his bill in the United States District Court for the Southern District of Ohio, against the Second National Bank of Cincinnati, to recover sums of money for which he alleged the Second National Bank was liable on account of certain transactions which had taken place between the National Bank and the Savings Company and its officers, the details of which it is unnecessary to set forth. Upon final hearing the District Court found the defendant liable for the application of a balance of the Savings Company's deposit in the National Bank, upon paper held by it on which the Savings Company appeared as principal maker, but which was found to have been given for the benefit of certain of the Savings Company's officers. Plaintiff's remaining claims were rejected. Both parties appealed to the Circuit Court of Appeals for the Sixth Circuit, which reversed the decree of the District Court, upon the ground that the Receiver had no authority to bring the suit, (246 Fed. Rep. 753) and the case is here on writ of certiorari to the Circuit Court of Appeals.

In the year 1911 certain creditors of the Savings Company, an Alabama corporation, filed a bill against it in a chancery court of Alabama alleging its insolvency.

The chancery court on April 27, 1911, rendered a final administration decree, wherein it found that the defendant Savings Company was insolvent; that its assets constituted a trust fund for the payment of its creditors, and the same should be marshalled and administered in that court; that the defendant was a corporation organized under the General Laws of Alabama; that upon final

settlement it should be dissolved; that it had suspended business and was not about to resume the same, and could not do so with safety to the public; that, therefore, W. C. Sterrett be appointed receiver of defendant, and empowered and directed to demand and take into his possession all of the defendant's assets and property to which it was entitled and to recover the same and reduce it to money, and administer the same under the further order of the court. And the court further authorized the Receiver to employ counsel and to bring such actions at law or in equity as he might be advised and to incur such expenses as might be necessary. Later, on March 8th, 1912, the Alabama chancery court specifically directed the Receiver, plaintiff herein, to bring this suit in the District Court of the United States for the Southern District of Ohio, Western Division.

The material parts of the sections of the Code of Alabama, (1907, vol. II, pp. 430, 433) pertinent to this case, provide as follows:

"3509. . . . The assets of insolvent corporations constitute a trust fund for the payment of the creditors of such corporations, which may be marshalled and administered in courts of equity in this state."

Section 3511 provides for the dissolution of corporations by action of the stockholders, and enacts that the court

". . . Shall appoint a receiver of all the books, property, and assets of the corporation . . . [who] shall, under the direction of the court, collect all debts due the corporation, and sell all the property, real and personal, of the corporation, pay the debts thereof ratably or in full as the funds realized may admit, and divide the residue after the debts and costs are paid, among the several classes of stockholders, according to the amount owned by each, and according to the preferences, if any, of the several classes as provided in the certificates of incorporation."

· Section 3512 covers the application for receivership and dissolution of insolvent corporations upon bill of creditors or stockholders in the chancery court, and provides:

". . . The court . . . may appoint a receiver of all the property and assets of the corporation, . . . [who] under the direction of the court, must exercise the same powers and perform the same duties as are required of receivers in the next preceding section, and otherwise manage the affairs of the corporation pending final settlement thereof as the court shall direct. . . ."

There is also a provision for proceedings by the attorney general (p. 444):

"3560. Proceedings when bank found not solvent.— Whenever the treasurer finds that a bank or corporation chartered by the laws of this state and doing a banking business, is not in a solvent condition, he shall immediately report the condition of the bank to the governor, and the governor shall direct the attorney-general to institute proceedings in a court having jurisdiction in the county where the bank or parent bank is located, to put the bank in the hands of some competent person, who shall give bond in an amount to be fixed by the judge for the faithful discharge of his duties, and said person so appointed shall immediately take charge of the business of said bank, collecting its assets and paying off its liabilities under the law and rules of such court."

The question presented for our consideration is whether the receiver appointed in the chancery court is authorized to sue in the federal court for the recovery of such property.

Since the decision of this court in *Booth* v. *Clark,* 17 How. 322, it is the settled doctrine in federal jurisprudence that a chancery receiver has no authority to sue in the courts of a foreign jurisdiction to recover demands or property therein situated. The functions and authority of such receiver are confined to the jurisdiction in which

he was appointed.  The reasons for this rule were fully discussed in *Booth* v. *Clark*, and have been reiterated in later decisions of this court.  *Hale* v. *Allinson*, 188 U. S. 56; *Great Western Mining Co.* v. *Harris*, 198 U. S. 561, 575, 577; *Keatley* v. *Furey*, 226 U. S. 399, 403.  This practice has become general in the courts of the United States, and is a system well understood and followed.  It permits an application for an ancillary receivership in a foreign jurisdiction where the local assets may be recovered and, if necessary, administered.  The system established in *Booth* v. *Clark* has become the settled law of the federal courts, and if the powers of chancery receivers are to be enlarged in such wise as to give them authority to sue beyond the jurisdiction of the appointing court, such extension of authority must come from legislation and not from judicial action.  *Great Western Mining Co.* v. *Harris*, *supra*, p. 577.

Counsel for petitioner insists that the case is not ruled by the doctrine of *Booth* v. *Clark*, and that under the Alabama statutes and the decisions of the Supreme Court of that State the title to the property of the Trust Company is vested in the Receiver in such wise that he is authorized to sue for its recovery in the courts of a foreign jurisdiction.  If this contention is well founded there is no question of the authority of the Receiver to prosecute the action.  *Relfe* v. *Rundle*, 103 U. S. 222; *Hawkins* v. *Glenn*, 131 U. S. 319; *Bernheimer* v. *Converse*, 206 U. S. 516, 534; *Converse* v. *Hamilton*, 224 U. S. 243, 257; *Keatley* v. *Furey*, 226 U. S. 399, 403.

The Alabama cases, *Oates* v. *Smith*, 176 Alabama, 39; *Montgomery Bank & Trust Co.* v. *Walker*, 181 Alabama, 368; *Cobbs* v. *Vizard Investment Co.*, 182 Alabama, 372; *Coffey* v. *Gay*, 191 Alabama, 137; *Hundley* v. *Hewitt*, 195 Alabama, 647, are fully reviewed in the opinion of the Circuit Court of Appeals.  To rehearse them now would be but a repetition of what is said in that opinion.

An examination of the sections of the statutes, here involved, in the light of the decisions of the Supreme Court of Alabama, does not in our opinion warrant the conclusion that title is vested in the Receiver as assignee or as statutory successor of the insolvent corporation in such wise as to authorize the action to recover in a foreign jurisdiction. Collectively, these sections provide for a receivership to administer the property and assets of the insolvent corporation under the authority and direction of the appointing court. The statutes do not undertake to vest in the receiver an estate in the property to be administered for the benefit of creditors, as was the case in *Bernheimer* v. *Converse*, 206 U. S. 516; *Converse* v. *Hamilton*, 224 U. S. 243, in which the right to sue in the courts of a foreign jurisdiction was sustained.

The Circuit Court of Appeals left open the question of the right to apply for an ancillary receivership in the District Court, and the effect of such appointment, if made, upon the pending suit. We pursue the like course, and as such an application could only originate in the District Court we express no opinion concerning it. The decree of the Circuit Court of Appeals is

*Affirmed.*