# Booker, Appellant, *v.* Ennis.

*Equity—Receivers—Courts—Jurisdiction—Money paid under a mistake of law—Right to recover.*

A receiver who has paid out money under a mistake of law to a creditor of an insolvent corporation cannot recover from the creditor where the claim was a valid one, and the defendant could in good conscience receive the full amount thereof.

*Federal courts—Suit by receiver—Jurisdiction.*

In federal jurisprudence a chancery receiver has no authority to sue in the courts of a foreign jurisdiction to recover demands or property therein situated. The functions and authority of such receiver are confined to the jurisdiction in which he was appointed.

A receiver appointed by the United States District Court for the Eastern District of Kentucky cannot take jurisdiction over a resident of Pennsylvania, where the latter did nothing more than present a claim, admittedly valid, to the receiver which was paid in full under a mistake of law. The action of the creditor did not subject him personally to the general jurisdiction of the Court. It conferred jurisdiction upon the Court to pass upon the claim as presented, and when the claim was allowed and actually paid the defendant was out of court for all purposes.

Argued December 5, 1924. Appeal No. 296, October T., 1924, by plaintiff, from judgment of C. P. No. 4, Philadelphia County, December T., 1923, No. 7510, in the case of George M. Booker, Receiver of Frishmuth Brother and Company, Incorporated, a Corporation under the Laws of Pennsylvania v. W. A. Ennis, trading as Ennis Tire Service. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover excess payment made by receiver. Before McCULLEN, J.

The facts are stated in the opinion of the Superior Court.

On an affidavit of defense raising questions of law the court sustained the affidavit and entered judgment in favor of the defendant. Plaintiff appealed.

*Errors assigned* were various findings of fact and conclusions of law and the judgment of the court.

*Wm. Findlay Brown,* and with him *Charles B. Downs,* for appellant.—The plaintiff's statement of claim sets forth a valid course of action enforceable in Pennsylvania: Guthrie v. Lowry, 84 Pa. 533; Levison v. Blumenthal, 25 Pa. Superior Ct. 55; Hunt v. Snyder, 261 Pa. 257.

The payment was made under a mistake of fact: Union Trust Co. v. Gilpin, 235 Pa. 524; Girard Trust Co. v. Harrington, 23 Superior 615; Reed v. Horn, 143 Pa. 323; Meredith v. Haines, et al., 14 W. N. C. 364; Kunkel v. Kunkel, 267 Pa. 163; Montgomery's Appeal, 92 Pa. 206.

*Jacob Weinstein,* and with him *Joseph J. Fischer,* for appellee.—The receiver was without standing to maintain an action in the Pennsylvania Courts: Bagby v. Atlantic, Etc. R. R. Co., 86 Penna. 291-1878; Dodge

v. Adams Express Co., 54 Superior Ct. 422-1913; Commonwealth v. Lewis, 6 Binney 272-1814; Sterrett v. Second National Bank, 248 U. S. 73-1918; Great Western Mining Co. v. Harris, 198 U. S. 561-1905; Booth v. Clark, 17 Howard 338-1854; State Hospital v. Consolidated Water Supply Co., 267 Penna. 39-1920.

The Federal Court was without jurisdiction to make an order on the defendant: Voss v. Prentiss, 154 Ill. App. 610-1910; Glaefke v. Western Electric Co., 145 Ill. App. 383-1908; Holcomb v. Norman, 87 Ind. N. E. 1057-1909; Clay v. Edwards, 84 Ky. 548-1886; Emanuel v. Ferris, 63 S. C. 104-1901; Dickinson v. Huntington, 185 Federal 703-1911; Huntington v. Supreme Commandery, 261 Penna. 168-1918.

OPINION BY PORTER, J., July 9, 1925:

The defendant, in this action of assumpsit, filed an affidavit of defense raising questions of law; the court below, after argument, held that the statement filed by plaintiff failed to set forth a valid cause of action, and entered judgment in favor of the defendant, from which ruling we have this appeal.

The statement set forth that the United States District court, for the eastern district of Kentucky, by its decree, appointed the plaintiff receiver of Frishmuth Brother & Company, Incorporated, a Pennsylvania corporation, having its manufacturing plant and principal place of business at Covington, Kentucky. The plaintiff duly qualified as such receiver, and was empowered to take possession of all assets and property of said corporation, to carry on its business, and to institute and prosecute all suits necessary for the proper protection of the property. The receiver, on June 4, 1923, filed, in the said United States District court, his report stating that the property of the corporation had been sold and that there had been "filed with him as receiver claims for supplies, material, repairs, etc., which are a lien upon the proceeds of the sale, as fol-

lows"; among which was a claim by this defendant in the sum of $670.35. The report recommended that the court order that such claims for supplies be paid in full; and that a dividend of 25% be paid to the general creditors. The court, thereupon, made an order that the report be filed and the receiver was directed "to notify all persons whose claims had been refused or whose claims had been partially allowed and all persons whose claims have not been classified, and that the report should stand confirmed on June 15, 1923, and that the recommendations of the receiver therein made be carried out by said receiver except as to the items and claims to which exceptions may be filed before said date." No exceptions having been filed, the receiver, on June 21, 1923, pursuant to said order of court, paid to the defendant the full amount of his said claim, to wit, $670.35. (It is here to be observed that the order recited did not require any notice to this defendant.) The statement further averred, that on July 14, 1923, the receiver had presented to the said United States District court his petition setting forth that, in his petition of June 4, 1923, he had, "through an error and mistake, by reason of the belief that the law provided a lien upon the property and assets of said company for supplies and material furnished, he classified in his report all of such claims as being claims which were entitled to a lien upon the assets of said estate, and as such said claims were classified, and upon confirmation of his said report the same were paid,......when in fact under the law the receiver is now advised and believes that no liens exist in favor of those persons furnishing supplies and materials and that, therefore, said confirmation of said claims as aforesaid was a mistake and an error,......and that said claims should be reclassified and should be permitted only to participate equally with all other general claims in the proceeds of said estate." The statement here contains a list of the claims paid in full,

which included the claim of this defendant. The petition prayed that the court make an order setting aside and holding for naught the previous report of the receiver and the former order of the court directing that the claims in question be paid in full, and that claimants who had been paid make restitution of 75% of the sums respectively received by them. The court made an order fixing the hearing on the petition for July 30, 1923, and directed the clerk to send notices by mail to each of the creditors named. The court, on July 30, 1923, made an order vacating its former order of June 4, 1923, and directing that the class of creditors whose claims had been paid in full, including this defendant, repay and redeliver forthwith to the receiver 75% of the amounts theretofore paid to them.

The affidavit of defense contained eleven paragraphs, in different forms, raising questions of law, but the questions really raised may be thus stated: (1) That it appeared from the facts averred in the statement that the United States District court, for the eastern district of Kentucky, was without jurisdiction to order the defendant, a citizen of Pennsylvania, to refund any part of the money which he had lawfully received. (2) That the plaintiff, the receiver, was without standing to maintain this action in the court below. (3) That it appeared from the statement that the claim of the defendant was valid, that the payment was made by the plaintiff as a result of a mistake of law, and that the latter was not entitled to recover.

It appeared from the statement that the defendant was a citizen and resident of Pennsylvania. The only thing which he did in connection with the proceedings of the court in Kentucky was to present a claim, admittedly valid, to the receiver, without his having done anything else or received any notice of what proceedings were taking place in Kentucky. The court in that state, upon the petition of the receiver, made an order directing that his claim be paid in full. This was a

final adjudication upon the claim which he had presented. The receiver sent to the defendant in Pennsylvania the full amount of his claim. The action of the defendant did not subject him personally to the general jurisdiction of the court. Assuming that his presenting the claim to the receiver conferred jurisdiction upon the court to pass upon that claim, when the claim was allowed and actually paid, the defendant was out of court for all purposes. The court might revoke its order, under which the payment was made, but it was without that jurisdiction of his person which empowered it to decree that he return money which had passed beyond the jurisdiction of the court. Had the court merely revoked its order, the receiver would then have been in the position of asserting that he had made the payment under a mistake of law. Had he brought an action in Pennsylvania to recover the money, he would have been met by the defense that the claim was a valid one, that the defendant could in good conscience receive the full amount thereof, and that the payment having been made under a mere mistake of law, the plaintiff was not entitled to recover. Had this receiver paid this valid claim, without an order of court, as the result of a mistake of law, he could not have recovered it back. We are of opinion that upon the facts averred in the statement the plaintiff was not entitled to recover.

It is the settled doctrine in federal jurisprudence that a chancery receiver has no authority to sue in the courts of a foreign jurisdiction to recover demands or property therein situated. The functions and authority of such receiver are confined to the jurisdiction in which he was appointed: Great Western Mining Co. v. Harris, 198 U. S. 561; Sterrett v. Second National Bank, 248 U. S. 73; Lion Bonding Co. v. Karatz, 262 U. S. 77. The appellant contends that this doctrine does not obtain in the courts of Pennsylvania, and in support of that contention cites Bagby v. Atlantic,

Miss. & Ohio R. R. Co., 86 Pa. 291. The plaintiffs in that case were citizens of Virginia and they were claiming against the rights of the receiver of a Virginia corporation who had been appointed by a Virginia court. The Supreme Court held that the appointment of the receiver was not extraterritorial as to them, but was an act binding on them, which the Virginia court would enforce as to them. "Then certainly they have no right after the appointment of a receiver, by a court within their own state, binding on them there, to attempt to avoid its effect by escaping from its jurisdiction and coming here to ask us to infringe the comity we owe to the acts of their own courts within their jurisdiction." "Our own citizens would be protected against the extraterritorial act in a proper case, because they are not bound by it, and our assistance given to the extraterritorial act, resting only in comity, would not be given at the expense of injustice to them." These quotations from the opinion of Mr. Chief Justice Agnew in that case give no support to the contention of this appellant. Had the court from which the appeal comes appointed a receiver and decreed that a citizen of Kentucky should pay money to that receiver, or should repay money which the receiver had paid to him through a mistake of law, the United States District court, for the eastern district of Kentucky, would not have entertained jurisdiction of an action to collect the money which the court below had ordered to be paid: Sterrett v. Second National Bank, supra. The plaintiff was without authority to maintain his action.

The judgment is affirmed.