## SEESTED et al. v. BONFILS et al.

District Court, D. Colorado. May 24, 1929.

No. 8774.

Watson, Gage & Ess and R. R. Brewster, all of Kansas City, Mo., and Joel E. Stone, of Denver, Colo., for plaintiffs.

Cass E. Herrington, of Denver, Colo., for defendants.

SYMES, District Judge. This motion to dismiss the bill admits, for the purposes of this discussion, the following allegations:

That the plaintiffs are residents of Missouri and Ohio, respectively, and the defendants citizens of Colorado. The plaintiff, Frank C. Seested, in November, 1926, recovered a judgment in the circuit court of Jackson county, Mo., against the Star Printing & Publishing Company, a Missouri corporation, formerly called the Post Printing & Publishing Company, based on a libelous article published by said corporation, in its newspaper, the Kansas City Post, concerning complainant Frank C. Seested. The defendant duly appeared, defended, and execution was issued on the judgment and returned nulla bona. Thereafter, and in June, 1927, plaintiff filed a creditor's bill in the said court against the Star Company, Fred G. Bonfils, Frank M. Lowe, and Max Levand, directors and officers thereof, asking for the appointment of a receiver for said corporation. After a contested hearing, the court, finding that the corporation was insolvent, and that its officers had removed the assets out of Missouri, in violation of law, appointed a receiver, who duly qualified, and has ever since been acting as such. A supplemental order attached as an exhibit to the bill directs the receiver to bring suit in Colorado against the defendant herein to recover funds belonging to the said Star Company, alleged to have been unlawfully removed by the directors and Fred G. Bonfils, president thereof, from Missouri to Colorado.

It is further alleged that said Fred G. Bonfils and H. H. Tammen, since deceased, owned all the stock of said Post Company; that in May, 1922, the said officers sold the assets of said Post Company to one Dickey and "The Kansas City Journal," for $1,250,-000, paid part in cash and the balance in notes. Thereafter the said Post Company ceased to do business in Missouri, and the purchase price aforesaid was removed by Bonfils to Colorado; that the said Bonfils, on information and belief, transferred the same to the several defendant corporations without consideration, with the fraudulent purpose of covering the same up in order to cheat and defraud the creditors of the judgment debtor—the Missouri corporation; that the defendant corporations were specifically organized under the laws of Colorado for the unlawful purpose of covering up the assets of said Fred G. Bonfils so acquired from the Missouri corporation.

It is likewise charged next that, prior to December, 1926, the Kansas City Post, published by the said Post Company of Missouri as aforesaid, published a libelous article against the plaintiff Florence Gaskins, upon which, in December, 1926, she recovered a judgment in the District Court of the United States for the Western Division of the Western District of Missouri, after appearance of defendant and a full trial; that execution was issued thereon; that there are no assets in the state of Missouri out of which she can realize on said judgment; that, by reason of the unlawful acts aforesaid, the said receiver appointed in Missouri has been unable to realize anything for the payment of these two judgments; that the same are

wholly unsatisfied, and that there are no assets in Missouri upon which an execution can be levied; that the notes aforesaid have been paid in full to said Bonfils.

The bill asks this court to appoint an ancillary receiver to take charge of the assets and obligations due the said Star Printing & Publishing Company, formerly the Post Printing & Publishing Company of Missouri, unlawfully removed out of Missouri, as aforesaid, and authorize him to sue for in Colorado, and collect all assets due said corporation, including said sum of $1,250,000, and the obligations of said officers and directors, and, after satisfying resident creditors, if any, to turn the rest and residue over to the Missouri receiver.

Grounds of the motion to dismiss are: (1) Failure to state a cause of action against defendant. (2) The bar of the statute of limitations of the state of Colorado. (3) Laches. (4) Lack of jurisdiction of the Missouri court to appoint a receiver for the Star Company, as a result of which this court is without jurisdiction to appoint an ancillary receiver.

The second and third grounds are not seriously urged in the brief in support of the motion. The judgments in Missouri were not obtained until 1926, and this suit was filed in September, 1928. We are cited to no statutory bar or rule in equity sustaining on the facts either of these two defenses.

■ I. Article 4, § 1, of the Constitution of the United States, requires full faith and credit to be given each state to the judicial proceedings of every other state. The statute enacted pursuant thereto (section 687, 28 USCA) provides that the judicial proceedings of any state or territory subject to the jurisdiction of the United States shall have such faith and credit given them in every court within the United States as they have by law and usage in the courts from which they are taken. The object of this was to give such judgments the conclusiveness of judgments upon the merits, when it is sought to carry them into effect by suits in the tribunals of another state. McElmoyle v. Cohen, 13 Pet. (38 U. S.) 312.

In Bank of Alabama v. Dalton, 9 How. (50 U. S.) 528 (13 L. Ed. 242), it is said:

"The legislation of Congress amounts to this—that the judgment of another State shall be record evidence of the demand, and that the defendant, when sued on the judgment, cannot go behind it and controvert the contract, or other cause of action, on which the judgment is founded; that it is evidence of an established demand, which, standing alone, is conclusive between the parties to it."

See, also, Hanley v. Donoghue, 116 U. S. 3, 6 S. Ct. 242, 29 L. Ed. 535; 23 R. C. L. 148.

The statement discloses that the judgment, appointment of the receiver, the orders issued, and other proceedings in the Missouri court, are based upon personal service, and, being properly authenticated, are conclusive upon us, and cannot here be attacked collaterally. Pomeroy's Eq. Jur. (1919), vol. 4, § 1603; Ward v. Foulkrod (C. C. A.) 264 F. 627; Johnstone v. Stondall Land & Investment Co. (C. C. A.) 298 F. 919.

■ II. Speaking generally, the rule in the federal court is that a receiver appointed by a court of chancery has no legal status outside the territorial jurisdiction of the court appointing him, but, by comity, the authority of receivers appointed in one state is often recognized by courts of another state, within whose jurisdiction they may seek to exercise their powers. A receiver of a railroad running through many states often acts under appointments in different states. The question is becoming more and more one of discretion rather than of jurisdiction. Likewise, as stated in 23 R. C. L. 143, a foreign receiver may, according to some authorities, maintain an action to sue to recover property of an insolvent which has been fraudulently or feloniously removed from the jurisdiction of the state appointing the receiver. No harm can result from granting the right to sue upon proper terms in the foreign state, or by the appointment of an ancillary receiver. In either event, assets cannot be removed, so as to affect rights of local creditors. Nolte v. Hudson Nav. Co. (C. C. A.) 31 F.(2d) 527. As far as we are advised at this stage of the proceedings, defendants have no creditors in Colorado.

In the federal courts the proper practice is indicated in Great Western Mining & Mfg. Co. v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163; Booth v. Clark, 17 How. 322, 15 L. Ed. 164; Sterrett v. Second National Bank, 248 U. S. 77, 39 S. Ct. 27, 63 L. Ed. 135, all holding that a foreign receiver has no power ipso facto to sue in any court outside the jurisdiction of the court appointing him. For that reason "the practice has become general in the courts of the United States, where the property of a corporation is situated in more than one jurisdiction, to appoint ancillary receivers of the property in such separate jurisdictions." Great Western Mining Co. v. Harris, supra, page 577 of 198 U. S. (25 S. Ct. 775).

And such ancillary receiverships are generally conducted in harmony with the court of original jurisdiction. Pomeroy's Eq. Jur.

(1919) vol. 4, §§ 1679, 1680, although the author says the general tendency is toward the recognition of the rights of foreign receivers, section 1669.

The immediate question has been passed upon in the Eighth Circuit Court of Appeals in a case that went up from this district. In Rust v. United Waterworks Co., 70 F. 129, a judgment had been obtained in the court below by plaintiff, the United Waterworks Company, a New York corporation, against the American Waterworks Company, a corporation of New Jersey, defendant. Later Rust was appointed receiver for the defendant in New Jersey. He petitioned for leave to appear especially and plead to the jurisdiction of the court to enter the judgment, and to make such other defenses as there might be in behalf of the defendant corporation. The objection was made that the appointment of the New Jersey receiver was without force outside of the jurisdiction of the court appointing him, and hence had no power to sue or defend for the corporation in Colorado. Judge Sanborn, speaking for the court, said at page 133:

"The question before the court below was not whether or not, without its order or permission, the plaintiff in error had the power or the authority to defend the action against the American Waterworks Company, but whether or not, upon the facts disclosed by his petition and the answer to it, that court ought to give him permission and authority so to do. It goes without saying that the court below had the power, upon the presentation to it of the decree of the court of chancery of the state of New Jersey appointing the plaintiff in error the receiver of the property of this insolvent corporation, and the trustee for its creditors and stockholders, to appoint him a receiver and trustee, with the same powers, in the district of Colorado, and to authorize him to sue for, and to defend suits against, the waterworks company in that district in the name of the corporation, or in his own name. This power was exercised in this very receivership by Judge Caldwell, in the circuit court of the United States for the district of Nebraska."

This case has since been cited with approval. In Shinney v. North American Savings, Loan & Bldg. Co. (C. C.) 97 F. 9, District Court, Utah, it was held that the federal court through comity will usually appoint the same person as receiver of the assets within its jurisdiction, irrespective of whether he was appointed by a state or federal court, pointing out very properly that the state court is one of co-ordinate jurisdiction, and (page 11):

"It is no unusual thing for a federal court to appoint an ancillary receiver of assets within its jurisdiction in aid of a primary appointment by a state court of another state"—citing Sands v. Greeley & Co. (C. C. A.) 88 F. 130.

The same doctrine is enunciated in the Third Circuit in Ward v. Foulkrod, 264 F. 627, at 635, holding that, where the court of the state of the domicile of a corporation seeks under its laws to administer the affairs of one of its creatures, it should be permitted to acquire control of the property of the corporation located within the territorial limits of another court. The court points out the evils that would follow a refusal of the foreign court to recognize in comity the jurisdiction of the domiciliary court.

Defendants argue, and very properly, I think, in their brief, that they are in no way directly connected with the appointment or refusal to appoint an ancillary receiver to aid the Missouri court. It will be time enough for them to make their fight when such receiver brings the direct action against them to recover the property alleged to have been fraudulently transferred by them to Colorado.

The motion is denied.