**CLOSE et al. v. BRICTSON MFG. CO.**

No. 297.

District Court, D. Nebraska, Omaha Division.

June 30, 1930.

Weaver & Giller, of Omaha, Neb., and M. E. Culhane, of Minneapolis, Minn., for trustee in bankruptcy.

Finlayson, Burke & McKie, of Omaha, Neb., for intervening receiver.

H. P. Mercer, of Minneapolis, Minn., for O. A. Brictson.

MUNGER, District Judge.

This is a contest between O. A. Brictson, Windsor Doherty, as receiver of the Brictson Manufacturing Company, and Martin Engebretson, as trustee in bankruptcy of the Brictson Manufacturing Company, as to a fund of $14,601.28, which was heretofore found by this court to be due to the Brictson Manufacturing Company, and ordered paid into the registry of the court. See Brictson Mfg. Co. v. Close (C. C. A.) 25 F.(2d) 794. O. A. Brictson claims the money because of an assignment of it to him by the Brictson Manufacturing Company. The assignment was executed by the president and secretary of the company, who were also directors and were two of the three members of the executive committee of the corporation. The assignment is asserted to be valid because of resolutions adopted at a special meeting of the executive committee and at a special meeting of the stockholders of the corporation. There was no notice given to the third member of the executive committee of the special meeting of that committee, nor was there notice of the special meeting to holders of stock approximating somewhat toward one-fourth of the voting stock issued. This lack of notice is fatal to the action of both the stockholders and of the executive committee. 14 Corp. Jur. p. 889, § 1363, and 14a Corp. Jur. p. 87, § 1846, and cases cited. There is no sufficient showing that notice would have been in vain. It seems to be probable that the only persons present or voting at either of those meetings were O. A. Brictson and his wife. The action taken sought to transfer a large part of the corporation's property to O. A. Brictson for the purpose of repaying to him expense which he had incurred in litigation in connection with the affairs of the corporation and to compensate

him for salary as president of the corporation. No reason is perceived why the ordinary rule requiring notice of such meetings should have been ignored, and this conclusion makes it unnecessary to consider other questions presented of the validity and effect of the assignment.

The receiver, Doherty, appointed by the state court of South Dakota cannot be heard in this court, in this suit, to ask that the money be paid over to him. Booth v. Clark, 17 How. 322, 15 L. Ed. 164; Hale v. Allinson, 188 U. S. 56, 23 S. Ct. 244, 47 L. Ed. 380; Great Western Mining Co. v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163; Sterrett v. Second National Bank, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135; Dept. of Trade and Commerce v. Hertz, 262 U. S. page 88, 43 S. Ct. 480, 67 L. Ed. 871. He is not vested with title by reason of a statute as in Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337.

The South Dakota statute (section 2475, Rev. Code 1919) authorizes a receiver to be appointed when a corporation has been dissolved, or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights, and in other cases when receivers have been appointed by usages of the courts of equity. But these provisions merely provide for a receiver as an arm of the court, as in ordinary cases, and do not vest title in the receiver to property outside of South Dakota. The decree of that court appointing the receiver directed him to proceed according to its directions. The portion of the decree purporting to authorize the receiver to sue outside of the state was not effective to give him authority to sue in this action. Sterrett v. Second National Bank, supra; Dept. of Trade and Commerce v. Hertz, supra. Ancillary receivership might have been asked for in Nebraska as a foundation for suits in Nebraska by an ancillary receiver. Dept. of Trade and Commerce v. Hertz, 262 U. S. 87, 43 S. Ct. 480, 67 L. Ed. 871; Haydock v. Fisheries Co. (C. C.) 156 F. 988. It may be doubtful if an ancillary receiver would have been entitled to this fund. Dept. of Trade and Commerce v. Hertz, 262 U. S. 87, 43 S. Ct. 480, 67 L. Ed. 871; Kittel v. Augusta, T. & G. R. Co. (C. C.) 78 F. 855; 34 Cyc. 484.

An order will be entered directing the clerk to pay the fund to the trustee in bankruptcy of the Brictson Manufacturing Company, but the order will be in accordance with the prayer of the trustee's petition, without prejudice to the right of the receiver, Doherty.