## BICKNELL et al. v. LLOYD–SMITH.
### No. 7688.

District Court, E. D. New York.

Sept. 11, 1939.

Wright, Gordon, Zachry & Parlin, of New York City (J. A. Fowler, Jr., and F. J. Knauer, both of New York City, of counsel), for the motion.

Cuthell, Appleby, Osterhout & Mills, of New York City (Howard Osterhout and John B. Coman, both of New York City, of counsel), opposed.

CAMPBELL, District Judge.

This is a motion on the pleadings.

Two plaintiffs join in this action, each stating separately a cause of action.

This motion relates only to the first cause of action relating to $36,000 principal amount of bonds, the plaintiff being "Donald Bicknell, Receiver of the Bank of Saginaw, Michigan", and does not relate to the second cause of action relating to $5,000 principal amount of bonds where the plaintiff is Edward Schust, who sues individually in his own right.

The alleged ground for the making of this motion is that on the face of the second amended complaint, Donald Bicknell, as receiver, appointed in Michigan, was not vested with title to the alleged cause of ac-

tion, and there was no ancillary receiver appointed in New York State.

As appears on the face of the second amended complaint, the cause of action in question was based upon a guaranty agreement, which related to certain bonds which the Bank of Saginaw, Michigan, bought in 1927, said bonds being defaulted in 1932 and the principal amount thereof having matured in 1933.

In 1936, Donald Bicknell was appointed receiver of the bank of Saginaw by order signed by the Banking Commissioner of Michigan and approved by the Governor. This order did not transfer to the receiver title to the assets of the Bank.

The Bank of Saginaw, Michigan, has not been dissolved but still exists and is operating under receivership.

The complaint in this suit was filed on August 8th, 1938, and no steps were taken for the appointment of an ancillary receiver in New York.

■ It is the practice of the Federal Courts to require the appointment of an ancillary receiver before permitting a receiver to maintain suit in a foreign jurisdiction, unless title to the cause of action is vested in the Receiver. Booth v. Clark, 17 How. 322, 15 L.Ed. 164; Great Western Mining & Manufacturing Company v. Harris, 198 U.S. 561, 25 S.Ct. 770, 49 L.Ed. 1163; Fowler v. Osgood, 8 Cir., 141 F. 20, 4 L.R. A.,N.S., 824; McCandless v. Furlaud, 293 U.S. 67, 55 S.Ct. 42, 79 L.Ed. 202.

■ The practice in the courts of New York State is somewhat different. While the courts of New York State, as well as the Federal Courts, recognize that the foreign receiver has no right to sue in this jurisdiction, the State Courts will permit such a suit, as a matter of comity, unless it should appear that there are local creditors.

The original complaint, in this suit, was verified by the Michigan receiver, and filed in the office of the Clerk of this Court on August 8th, 1938, therefore, the question here presented is presumably to be determined as of that date, but in any event it seems to me that the practice in receivership matters was not changed by the adoption of the new Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

It is true that Rule 17(b) provides as follows: "(b) *Capacity to Sue or Be Sued.* The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States." but that does not seem to me to be controlling.

Rule 66, which reads as follows: "Rule 66. *Receivers.* The practice in the administration of estates by receivers or by other similar officers appointed by the court shall be in accordance with the practice heretofore followed in the courts of the United States or as provided in rules promulgated by the district courts, but all appeals in receivership proceedings are subject to these rules." seems to me to be controlling.

As appears from the second amended complaint, the Michigan Bank "has not been dissolved but is operating under receivership".

The plaintiff receiver was appointed by the Commissioner of the State Banking Department of the State of Michigan, with the approval of the Governor, and I can find nothing in the order of appointment which vests him with title to the cause of action, which is being asserted.

■ The appointment of the receiver, did not involve the transfer of title of the assets. Taylor v. Adams, 279 Mich. 433, 272 N.W. 733.

The United States Supreme Court, considering an Alabama Statute, the language of which is almost identical with that involved in the present case, has held that such language does not vest title in a receiver. Sterrett v. Second National Bank, 248 U.S. 73, 39 S.Ct. 27, 63 L.Ed. 135.

■ A specific authorization to sue is not equivalent to the transfer of title to the receiver. Great Western Mining & Manufacturing Company v. Harris, supra.

■ There is no distinction between a receiver appointed under general equity powers and a receiver appointed under statutory provisions, unless the statute constitutes the receiver the universal successor of the corporation. Sterrett v. Second National Bank, supra; Booth v. Clark, supra;

Keatley v. Furey, 226 U.S. 399, 33 S.Ct. 121, 57 L.Ed. 273.

The following cases, cited on behalf of the plaintiff, Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163; Converse v. Hamilton, 224 U.S. 243, 32 S. Ct. 415, 56 L.Ed. 749, Ann.Cas.1913D, 1292; Good v. Derr, 7 Cir., 46 F.2d 411, and Luikhart v. Spurck et al., D.C., 1 F.Supp. 53, are not in point, as in all of these cases, the state statute created a stockholder's liability, and vested that right in the receiver as quasi-assignee.

The cases of Emery v. Shinn, 278 Mich. 246, 270 N.W. 284, and Paw Paw Depositors Corporation v. C. G. Albert, Inc., 281 Mich. 411, 275 N.W. 190, cited on behalf of the plaintiff, are not in point, as they were suits by a Michigan receiver in the Michigan court, against stockholders to enforce the stockholder's liability under the Michigan statute.

The case of McPherson v. Gregory, 271 Mich. 580, 260 N.W. 767, cited on behalf of plaintiff, is not in point, as it does not refer to any provisions of the General Banking Law, but is under the Judicature Act, under which the receiver is vested with power quite different from that in the General Banking Law.

Plaintiff makes a point that the decision in Taylor v. Adams, supra, which was rendered in 1937, involved a receiver appointed prior to the 1933 amendment of the General Banking Law (Pub.Acts Mich.1933, No. 32 amended by No. 95), but that does not seem to me to carry any weight because the language of the 1933 amendment, as to the powers of the receiver, is substantially identical with the section of the General Banking Law which is quoted in Taylor v. Adams, supra.

The constitutionality of the 1933 amendment was attacked as unconstitutional, on the ground that in providing for the appointment of a receiver by the banking commissioner with the approval of the Governor, it transferred judicial duty to an executive official and in holding the statute constitutional, the Court said " * * * the appointment of a receiver under such law being in no manner a decree or judgment affecting title to property, * * *."

Plaintiff's statement that the Michigan statute gives the receiver the "specific right to execute any conveyances and transfers of any real or personal property of the bank in his own name" seems to me to be erroneous, as I do not find any language in the statute with reference to a conveyance by the Receiver, in his own name.

The motion is granted.

Settle order on notice.