## NETTLES v. WALCOTT.
### No. 24.

Circuit Court of Appeals, Second Circuit.
Nov. 13, 1939.

W. Randolph Montgomery, of New York City, for appellant.

Albert H. Barclay, of New Haven, Conn., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a decree in equity, dismissing a bill to enforce the liability of a shareholder in the Peoples State Bank of South Carolina. The plaintiff was appointed "Receiver of the Stockholders' Liability" of that bank in a suit filed in South Carolina and authorized by the South Carolina court to bring this suit. The suit in which he was appointed was brought by depositors of the bank on behalf of themselves and all others to enforce the liability of certain shareholders of the bank; not only was the defendant not a party to that suit, but he was not a shareholder in the bank, though he was in another South Carolina company, the Peoples Investment Corporation. He moved to dismiss the bill because, among other reasons, the plaintiff had no capacity to sue in Connecticut; and this appeal is from the judgment in his favor entered upon that motion; it turns upon the sufficiency in law of the bill upon its face. The bill alleged that the bank became insolvent and closed its doors on January 2, 1932, and that it had been in liquidation ever since; that on April 7, 1932, the plaintiff was appointed "Receiver of the Stockholders' Liability" in a depositors' suit in which, on May 19, 1935, judgment was entered against the Peoples Investment Corporation, which had been unlawfully the holder of record of a great many shares in the bank; and that execution had been returned unsatisfied upon this judgment because the judgment debtor had no assets of any kind except the bank shares themselves. That the holding company had been organized to protect its shareholders from liability by issuing its shares to them while it remained an entirely irresponsible shareholder of record of the bank. That the defendant was the holder of 100 shares in the holding company when the bank suspended.

The Constitution of South Carolina (Article 9, § 18) imposes a liability in favor of depositors upon the shareholders of all banks, which, until 1929 the legislature had implemented only by a statute that in substance merely repeated the words of the section. The supreme court of that state decided that the right of action so created lay in the depositors directly, and that they might file a class suit and collect the full amount of the shareholder's liability before it had been determined how much was necessary to make up the deficiency of the deposits. At least in theory it might therefore result that there would be a surplus, and for this reason it was the practice to appoint a receiver in such suits to receive and distribute the collections and return the surplus to the shareholder. This was changed in 1929 by a statute (now § 7855(6) of the South Carolina Code of 1932) which granted to "any receiver appointed to liquidate the assets of any closed State bank * * * full power * * * to demand of * * * stockholders the statutory liability * * * and * * * to bring suit, either individually or collectively, against such * * * stockholders". The question then arose whether the former depositors' suit survived. It was held that it did not, and that the new statute gave the only remedy. Branchville Motor Company v. Adden, 158 S.C. 90, 155 S.E. 277, 281. That decision dismissed a depositors' bill, and would have ended any possibility of any suit of the kind except for a passage in the opinion which read as follows: "It is conceivable that circumstances might arise which would

justify the court in permitting a creditors' bill by the depositors against the stockholders for their protection, in the event that relief could not be had through the receiver".

So the law stood when the Peoples State Bank became insolvent. A creditors' sequestration suit was at once filed against it in the United States District Court for the Eastern District of South Carolina, which appointed liquidating receivers who took over the assets and proceeded to distribute them. A depositor thereupon brought suit in a South Carolina court to enjoin these receivers from enforcing the shareholders' liability under § 7855(6), on the ground that they were not state receivers, and this the supreme court did in Biltrite Building Company v. Elliott, 166 S.C. 534, 165 S.E. 340. That would have resulted in exonerating all the shareholders from liability, since no state receiver could have taken the assets out of the hands of the federal receivers for liquidation, and apparently it was assumed that under § 7855(6) there must be assets to liquidate. To meet that embarrassment the opinion seized upon the language which we have quoted from Branchville Motor Company v. Adden, supra, 158 S.C. 90, 155 S.E. 277, and declared that it "supplies the depositors with a perfect remedy". Even before this decision had been made, however, the depositors filed the suit (Biltrite Building Company v. Adams) in which the plaintiff at bar was appointed "Receiver of the Stockholders' Liability". Biltrite Building Company v. Adams, went to judgment against a number of the shareholders of the bank, who could be served within the state, among them the Peoples Investment Corporation, and the Palmetto Brokerage Company. After execution against the second of these companies had been returned unsatisfied, the plaintiff, acting under the authority of the court's order, filed a suit in his own name against a number of its shareholders on the ground that they were in the same position as direct shareholders in the bank. In this he was successful (Nettles v. Sottile, 184 S.C. 1, 191 S.E. 796, 797); and it is by virtue of what was there decided that he later brought this suit in Connecticut. The supreme court did not indeed in that case discuss at any length the capacity of the plaintiff to sue; but we understand that it was satisfied with, and meant to accept, the discussion of the trial judge upon that point, and we

shall take what he said as the law of South Carolina. We understand him to have held that the plaintiff was not appointed under the statute. Thus, he said: "The action * * * was brought independently of the statute. Section 7855. It followed the old practice of a bill in equity by one or more depositors. * * * It is in the nature of a creditor's bill. * * * All of the rights and remedies ordinarily available to a creditor, therefore, are available. * * * It is in effect an equitable execution. * * * It is but supplementary or auxiliary to the original action. * * * The right of the receiver to pursue third persons * * * for the purpose of establishing liability or collecting assets justly due, is one commonly recognized by the courts". The plaintiff then sued a shareholder of the bank in Florida (Nettles v. Tillson, 5 Cir., 87 F.2d 770), and the decision in that case might have thrown light upon the question before us, had it not gone off upon the sufficiency of the proof that the defendant was a shareholder at all. The plaintiff also sued a number of shareholders of the Peoples Investment Corporation in a South Carolina court, and that suit, after its removal, finally went to the Circuit Court of Appeals for the Fourth Circuit. Nettles v. Rhett, 94 F.2d 42. In it he was partially successful, but his capacity to sue in South Carolina necessarily followed from Nettles v. Sottile, supra, 184 S.C. 1, 191 S.E. 796, and again we are not helped. Although he was unsuccessful in another similar case in the Fourth Circuit, (Nettles v. Childs, 100 F.2d 952), that was because of his failure to show that the defendants had been privy to the scheme to defeat their liability to the bank. This is the sum of all the authorities we can find, and none of them answer the question whether the plaintiff could sue outside South Carolina.

Upon that question we may start with the ruling in Booth v. Clark, 17 How. 322, 15 L.Ed. 164, that a New York receiver appointed in a judgment creditor's suit, could not enforce a claim of the judgment debtor in the District of Columbia. In Hale v. Allinson, 188 U.S. 56, 23 S.Ct. 244, 47 L.Ed. 380, this doctrine was extended to a case where a receiver was trying to enforce a shareholder's liability: it was held that the law of Minnesota where the receiver had been appointed, did not intend to give him extraterritorial powers. The Minnesota statute was later changed

so as expressly to authorize him to sue "within or without" the state, and this was held to make him a "quasi-assignee". Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163; Converse v. Hamilton, 224 U.S. 243, 32 S.Ct. 415, 56 L.Ed. 749, Ann.Cas.1913D, 1292. In Sterrett v. Second National Bank, 248 U.S. 73, 39 S.Ct. 27, 63 L.Ed. 135, the court concluded, following Booth v. Clark, supra, 17 How. 322, 15 L.Ed. 164, that the law of Alabama did not "vest" the receiver with title to the claim of the judgment debtor. Cf. Moore v. Mitchell, 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673. In Goss v. Carter, 5 Cir., 156 F. 746, the decree appointing the receiver had undertaken to "vest" the cause of action in him; and this was taken to represent the law of the state.

■ This then is the test: we are to ascertain whether the law of South Carolina "vested" the receiver with "title" to the choses in action, so that he became a "quasi-assignee". In spite of the absence of any grant of express authority to sue outside the state, we may assume that the act of 1929 was intended to do so; indeed, it would be hard to reconcile Branchville Motor Company v. Adden, supra, 158 S.C. 90, 155 S.E. 277, with any other theory, for the receiver's suit was there held entirely to supersede the depositors', and the depositors could certainly have sued outside the state. On the other hand, before 1929, a receiver appointed in a depositors' suit would have had no such powers; he was no more than a custodial receiver whose duty was to receive the proceeds and distribute them. In Biltrite Building Company v. Adams he was, however, given the added power to sue, and it is upon that alone that any extraterritorial power can rest. If we were to accept literally the language used by the court of first instance in Nettles v. Sottile, supra, 184 S.C. 1, 10, 191 S.E. 796, Booth v. Clark, supra, 17 How. 322, 15 L. Ed. 164, would be on all fours; but we cannot believe that the judge meant that the liability of the shareholders of the holding company was really a chose in action of that company to be collected by the judgment creditor like a debt. Indeed, his later discussion in the same opinion shows that he did not so regard it. The commonly accepted theory is that the shareholder of the holding company steps into the place of the shareholder of the bank, and that the liability runs directly from him to the depositors. Nettles v. Rhett, supra, 4 Cir., 94 F.2d 42. It might have been possible, therefore, to say that the order appointing the plaintiff receiver in Biltrite Building Company v. Adams, and authorizing him to sue, "vested" in him these liabilities because he was appointed under the statute. But it would also have been possible to say that his power to represent the depositors was merely a procedural convenience, like that of an ordinary chancery receiver who collects claims of his corporation in his own name though he has no "title". The courts of South Carolina are final as to the meaning of the statutes of that state, and if they had said that the order in Biltrite Building Company v. Adams constituted the plaintiff a receiver to liquidate the assets of the bank, we should of course assent. But they have not said so; on the contrary, as we have seen, so far as they have expressed themselves at all, they have spoken of him only as a chancery receiver. It is true that in Biltrite Building Company v. Elliott, supra, 166 S.C. 534, 165 S.E. 340, 342, the words occur upon which the plaintiff rests heavily: "the only authority for the enforcement of this liability by receivers is derived from the act of 1929"; but that need not exclude the possibility of receivers who represent the depositors only procedurally and do not sue in their own right. We should hesitate to suppose that a receiver appointed in a depositors' suit could be thought to fall within the statute. The statutory receiver is "vested" only with a secondary liability, and is confined to recovering the balance due to depositors; his suit presupposes some ascertainment of the deficiency. Fischer v. Chisholm, 159 S.C. 395, 157 S.E. 139. The plaintiff at bar did not sue on that theory at all, but as representative of the depositors who can collect the full amount, regardless of the deficiency, as we have said. The bill does not indeed allege what was the deficiency, and could not stand as the bill of a statutory receiver for that reason. Quite aside therefore from the anomaly of appointing a receiver to liquidate assets in a suit which had nothing to do with the corporate assets, it seems to us that if the order of authorization was an effort to do so, it failed.

Decree affirmed.