Henry F. Schwartz et al., Appellees, v. Broadway Trust and Savings Bank of Aurora et al., Appellants.

Gen. No. 9,232.

May term, 1937. 1937. Rehearing denied October 4, 1937.

Heard in this court at the Opinion filed September 9, 1937.

HARRY C. HANSON, of Geneva, and ALSCHULER, PUTNAM & JOHNSON, of Aurora, for appellants; EDWARD F. STREIT, of Aurora, of counsel.

LITTLE & LATHAM, of Aurora, SEYFARTH & ATWOOD and LEONARD & LEONARD, both of Chicago, for appellees; MERRITT J. LITTLE, and JULIAN E. LATHAM, both of Aurora, and KARL EDWIN SEYFARTH and BENTON ATWOOD, both of Chicago, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

Henry F. Schwartz and others, brought a representative suit in the circuit court of Kane county in be-

half of themselves and other creditors of the Broadway Trust and Savings Bank of Aurora, against the defendants and other stockholders of said bank, to enforce the constitutional liability of said stockholders.

Oscar Nelson, one of the defendants, filed an answer to the original bill of complaint, to which the plaintiff filed a replication. The case was heard before the court, without a jury. He found the issues in favor of the plaintiff, and that Oscar Nelson was the owner of 70 shares of capital stock of said bank, and that there were creditors of the bank in excess of $7,000 at the time he owned such stock. He entered a decree ordering Oscar Nelson to pay the sum of $7,000 to satisfy his liability as such stockholder. From this decree, an appeal to the Supreme Court was perfected. The case was transferred to this court by the Supreme Court, and the opinion is found in volume 366 Ill., p. 98.

No evidence was heard by the trial court concerning the liability of Oscar Nelson, but the following stipulation was entered into between the parties: "Stipulation filed November 5, 1936, by and between complainants and the defendant, Oscar Nelson, by Seyfarth and Leonard and Little and Latham, Solicitors for the complainants and Harry C. Hanson and Alschuler, Putnam and Johnson, Solicitors for the defendant, Oscar Nelson, as follows:

"It is hereby stipulated and agreed by and between the Complainants in the above entitled cause, and the defendant, Oscar Nelson, by their respective counsel that the record in this case shows the following:

"1. That the books and records of the Broadway Trust and Savings Bank of Aurora show that liabilities of said Bank in the amount of $41,684.75 accrued to the creditors of said Bank in the period beginning October 29, 1927, and ending November 18th, 1927, and remained unsatisfied at the suspension of business on June 30, 1932, and that similar liabilities in the amount

of $6,395.56 accrued to said creditors in the period from November 18th, 1927, to March 20, 1928.

"2.    That claims of creditors in the aggregate amount of $11,249.95, which were shown as liabilities on the books and records of said Bank and were included in liabilities of $48,080.31, which accrued to creditors while Oscar Nelson held stock in said Bank, were disallowed as claims by the Auditor of Public Accounts of the State of Illinois, and by the Circuit Court of Kane county, Illinois, in proceedings to dissolve the said banking corporation.

"3.    That persons who held shares of the capital stock in said Bank during the same periods that Oscar Nelson owned and held shares of stock therein have heretofore paid by the Receiver herein amounts aggregating in excess of $37,000.00, in full or partial satisfaction of the constitutional superadded liability of each individual person making such payment by reason of the ownership of stock during the same periods that Oscar Nelson owned and held stock therein.

"4.    That Complainants, by their counsel, objected to the introduction of evidence concerning the (1) disallowance of claims above described in Paragraph 2, and (2) payments of liability by stockholders other than Oscar Nelson, above described in Paragraph 3.

"5.    That Oscar Nelson has not paid anything on account of his liability as a stockholder in the Broadway Trust and Savings Bank of Aurora."

The Supreme Court, in passing upon the merits of this case, say: "The defendant stockholders of the Reliance Bank and Trust Company contend that other stockholders of said company, who held stock therein contemporaneously with them and for the same period of time, paid to the receiver appointed in the creditor's suit sums aggregating more than the amount of unsatisfied liabilities of the Reliance Bank and Trust Company to its creditors which accrued during such period of

time, and that such payments discharged the defendant stockholders from further liability to the creditors of said Reliance Bank and Trust Company. The same legal contention is made in cause No. 24053.

"Both sides agree to the principle that a stockholder's liability in a defunct State bank is measured by the unsatisfied liabilities which accrued during the period of stock ownership, subject to the limitation that the stockholder's liability shall not exceed the par value of the stock held by him. In ascertaining the liability of an individual stockholder, the court in which the representative suit is pending must ascertain two primary facts: First, the aggregate amount of liabilities which accrued while the stockholder held his stock, and, second, the par value of the shares of stock so held by him. Without the existence of unsatisfied claims, which accrued while he remained a stockholder, he is under no liability to the bank's creditors at all. If there be unsatisfied claims against the bank, which accrued while he was a stockholder, then, at most, he can be held for no sum in excess of the par value of his stock. If a group of contemporaneous stockholders pay to the receiver in the creditor's suit a sum equal to all the liabilities incurred during the contemporaneous ownership, their liabilities are satisfied, and there is no warrant of law to compel that group to pay to the receiver, for the benefit of creditors, a sum greater than the aggregate of liabilities incurred by the bank while that group were the stockholders. These principles have been firmly established by the decisions of this court in *Golden v. Cervenka,* 278 Ill. 409; *Sanders v. Merchants State Bank,* 349 id. 547; *Leonard v. Bye,* 361 id. 185; *Heine v. Degen,* 362 id. 357, and *Comstock v. Morgan Park Trust and Savings Bank,* 363 id. 341."

The appellant and appellee differ materially upon the construction to be given to the stipulation, but it seems to us that it is clear and not ambiguous. The stipula-

tion states that during the time that Oscar Nelson, the defendant, owned shares of stock in said bank, that there was a liability to the amount of $48,080.31, and that of this amount, $11,249.95 had been disallowed as claims against the bank, by the circuit court of Kane county. This left a net liability of $36,830.36. It is stipulated that the other stockholders owning stock during the same period as Oscar Nelson, had paid in an amount in excess of $37,000. This is more than the total liability of the stockholders, due the creditors of the bank, for the period that the defendant, Nelson, owned stock in the bank.

It is our conclusion that the stipulation shows, that for the period that the defendant, Oscar Nelson, owned stock in said bank, there has been paid an amount in excess of the claims which accrued while he was such stockholder, and that he is now under no liability to the bank's creditors.

The judgment of the circuit court of Kane county is hereby reversed and the cause remanded.

*Reversed and remanded.*