CULP v. FIRST COMMERCIAL SAVINGS BANK OF
CONSTANTINE, MICH.

1. BANKS AND BANKING—CLOSED BANKS—PARTICIPATION OF STOCK-
HOLDER IN BALANCE AFTER PAYMENT OF CLAIMS.

Since at the time a bank was closed by governor's proclamation,
all of the assets of the bank, together with assessments, consti-
tuted a trust fund for the payment of claims of depositors who
had a right to insist upon liquidation of the assets, the only
right of a stockholder subject to, and who pays, assessment is
to share in any balance of assets or funds remaining after ·
the claims of depositors were paid in full (3 Comp. Laws 1929,
§ 11945).

2. SAME—REORGANIZATION—DEPOSITORS—STOCKHOLDERS — PAYMENT
OF ASSESSMENTS.

Under statutes providing for reorganization of closed banks upon
approval of agreement therefor by State banking commissioner
and depositors representing 65 per cent. of the deposit liability,
where the agreement for reorganization was so approved and
was predicated, and virtually conditioned, upon payment of the
assessments by the stockholders in that depositors agreed to
transfer assets, including assessments, to reorganized bank in
consideration of payment of claims in various ways, and stock-
holder's right to participate in reorganization depended solely
upon action of the depositors and the statute, commissioner
properly cancelled stock of stockholder who refused to comply
with plan agreed upon by the depositors by not paying his as-
sessment (Act No. 8, Pub. Acts 1932 [1st Ex. Sess.]; Act
No. 32, §§ 7, 7a, Pub. Acts 1933, as amended by Act No. 95,
Pub. Acts 1933).

3. SAME—REORGANIZATION—STOCKHOLDERS—CANCELLATION OF STOCK
—CONSTITUTIONAL LAW.

Since the stockholder of a closed bank who refused to comply
with plan adopted for reorganization would be entitled, upon
payment of his assessment, to share in the balance, if any,
of assets of the bank remaining after payment of depositors'
claims and other claims against the bank, the cancellation of

his stock by the commissioner would not be a deprivation of property without due process of law nor an impairment of the obligation of contract as such a stockholder would have no property rights in the reorganized bank (Act No. 8, Pub. Acts 1932 [1st Ex. Sess.]; Act No. 32, §§ 7, 7a, Pub. Acts 1933, as amended by· Act No. 95, Pub. Acts 1933).

4. CANCELLATION OF INSTRUMENTS—DEFINITION.
Cancellation is defined as the act of crossing out a writing or destroying a written instrument.

5. BANKS AND BANKING—CANCELLATION OF STOCK—NOTICE.
Cancellation of bank stock after holder thereof had received actual notice of plan of reorganization and after reorganization received two separate notices that unless assessment on the stock were paid or payment arranged for, it would be cancelled, *held*, not an impairment of contract or deprivation of property rights, where payment was refused on grounds other than defective notice and notice of plan of reorganization is not required by statute to state that stock will be cancelled if assessment is not paid (Act No. 32, § 7, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1933).

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted April 12, 1939. (Docket No. 82, Calendar No. 40,412.) Decided June 5, 1939.

Bill by Arthur N. Culp against First Commercial Savings Bank of Constantine, Michigan, to compel recognition or issuance of a bank stock certificate and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*N. A. Cobb* and *L. W. Beardsley,* for plaintiff.

*Howard, Howard & Howard (Bulkley, Ledyard, Dickinson & Wright,* of counsel), for defendant.

*Farrell & Paulson, amici curiæ.*

McALLISTER, J. Charles M. Burger was a stockholder in the First Commercial Savings Bank of Con-

stantine, which was closed by proclamation of the governor February 14, 1933. On June 6, 1933, the commissioner of the State banking department levied an assessment of 100 per cent. of the value of the stock against the stockholders in accordance with the provision of Act No. 66, § 48, Pub. Acts 1929 (3 Comp. Laws 1929, § 11945 [Stat. Ann. § 23.52]). The bank was later reorganized. On failure of Burger to pay his stock assessment, his stock was cancelled by the commissioner. Burger appealed to this court from such assessment, which was thereafter held valid. (*In re Burger's Estate*, 276 Mich. 485). Plaintiff herein is the residuary legatee under the will of Burger. After the adjudication that the assessment was valid, plaintiff filed a bill in equity against the reorganized bank, asking that it be decreed to recognize the stock certificate which had been cancelled, as representing stock in the reorganized bank, or that the same amount of stock in such bank be issued to him. On dismissal of his bill by the trial court, he appeals, claiming that the cancellation of his stock by the commissioner was unauthorized by law; that if the statute under the provisions of which cancellation was made conferred such authority, it is unconstitutional, as depriving plaintiff of property rights without due process of law and impairing rights of contract in voiding his interest as a stockholder in the bank.

At the time the bank was closed and the assessments made upon the stockholders, all of the assets of the bank, together with assessments, constituted a trust fund for the payment of the claims of depositors. They had the right to insist upon the liquidation of the assets to pay such claims. As a stockholder, Burger was subject to the assessment liability; and his only right, as of that time, was to share in any balance of assets or funds remaining

after the claims of depositors were paid in full.  The only way in which the bank could be reorganized with these assets was upon the consent of the depositors.  Depositors representing at least 65 per cent. of the deposit liability could agree to such reorganization, subject to the approval of the banking commissioner (Act No. 32, §§ 7, 7a, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1933 [Comp. Laws Supp. 1935, §§ 12077-7, 12077-7a, Stat. Ann. §§ 23.97, 23.98]), and in accordance with Act No. 8, Pub. Acts 1932 (1st Ex. Sess.)  (Comp. Laws Supp. 1935, §§ 11962-1–11962-3, Stat. Ann. §§ 23.69–23.71).  The agreement for reorganization, approved by trustees for the depositors, was predicated upon, and virtually conditioned upon, payment of the assessments by the stockholders.  The depositors were, by their agreement, transferring the assets to which they were entitled for purposes of liquidation to the reorganized bank, in consideration of a contract by the bank that such claims would be paid in various ways, including the liquidation of certain assets through the operation of the reorganized bank.  The depositors had the right to say what was to be done with the assets, and they could properly base their consent to reorganization with these assets on payment by the stockholders of their assessments.  Burger's right to participate in the reorganization of the bank depended solely upon the action of the depositors, and by virtue of the statutes applying thereto.  He refused to comply with the plan agreed upon by the depositors by not paying his assessment in connection with the reorganization.

When the bank was reorganized, Burger still held his stock.  He was entitled to no rights in the reorganized bank, although his certificate of stock in the insolvent bank would indicate that he was a stockholder in the reorganized bank of the same name.

This situation would very conceivably lead to confusion; and plaintiff's present contention, that he is entitled to be considered a stockholder in the reorganized bank, indicates the advisability of some action or procedure with regard to such stock. Partly because of such situations, it was provided by Act No. 95, § 7, Pub. Acts 1933, that in bank reorganizations:

"If in the opinion of the commissioner of the State banking department it is deemed advisable to reorganize any bank or trust company coming under the provisions of this act, he shall, with the approval of the governor, have power so to do on such terms and conditions as he may prescribe, including the right to make such provisions for adjustments, transfers, segregations and other dispositions of the assets, deposits and capital stock of such bank or trust company, and such trusts as he may create hereunder, as may be deemed necessary or advisable, and to create such trusts relating to and concerning the whole or any part of the assets of such bank or trust company on such terms and conditions as he may deem advisable and to provide for the continuation and/or liquidation of the same, *and also including the right to cancel,* increase or decrease, and to issue or re-issue *the whole or any part of said stock of said bank* or trust company, and allot said stock among the depositors and/or stockholders." (Italics ours.)

Under the above provisions, and with regard to the facts in this case, the Burger stock was properly cancelled; and such action was authorized by the statute. Such cancellation did not deprive plaintiff of property rights without due process of law, nor impair the obligation of contracts. Plaintiff had no property rights in the reorganized bank. His certificate was only evidence of his ownership of stock. Cancellation has been defined as the act of crossing out a writing or destroying a written instrument. 9 C. J.

p. 1153; Black's Law Dictionary (2d Ed.), p. 164. Whatever rights plaintiff may have as a creditor of the insolvent bank, by virtue of his payment of the assessment and stockholder relationship therein in case of assets remaining after payment of depositors' claims, are not abrogated by such cancellation. With the other stockholders, he would share in any assets that may remain after payment of depositors' claims, unless otherwise precluded.

Plaintiff further claims that Burger did not receive notice according to the provisions of Act No. 32, § 7, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1933, that his stock would be cancelled at the time the reorganization plan was approved and reopened. Burger, however, received actual notice of the reorganization plan and no objection is made thereto except that there was no notice of cancellation of stock if payment of the assessment were not made. It is not required by the provisions of the statute that notice of cancellation be included therein. Subsequent to the reorganization of the bank, Burger received two separate notices that his stock would be cancelled unless payment or arrangement for payment of the assessment was made. He refused to make such payment on grounds other than defective notice, and all such contentions were resolved against his estate. *In re Burger's Estate,* *supra.* We find no merit in this claim. The cancellation of stock resulted in no impairment of contract or deprivation of property rights.

The decree dismissing plaintiff's bill of complaint is affirmed, with costs to defendants.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, Chandler, and North, JJ., concurred.