HOPKINS *v.* JUDD.

1. Banks and Banking—Stock Assessment—Minors—Distribu-
   tees of Estates of Deceased Stockholders.

   Minor who inherited bank stock upon which guardian collected
   and accounted for dividends is not released from liability for
   stock assessment levied during ward's minority by refusal to
   accept stock upon reaching majority but where evidence in
   suit against such stockholder to collect assessment is insufficient
   to determine whether or not, as distributee, he received assets
   exceeding in value the amount of the assessment levied against
   the stock belonging to the deceased, case is remanded to de-
   termine amount of his liability as such distributee (3 Comp.
   Laws 1929, § 11898 *et seq.;* Act No. 32, Pub. Acts 1933).

2. Same—Failure to Pay Stock Assessment—Reinstatement
   Upon Reorganization.

   Stockholder of bank closed by governor's proclamation of bank
   holiday and whose stock was thereafter canceled upon failure
   to pay assessment has no right thereafter to reinstatement
   merely by payment of assessment where she had neither assisted
   nor participated in reorganization (3 Comp. Laws 1929, § 11898
   *et seq.;* Act No. 32, Pub. Acts 1933).

Appeal from Saginaw; Martin (William H.), J.
Submitted October 5, 1939. (Docket No. 62, Calen-
dar No. 40,189.) Decided December 20, 1939.

Bill by Floyd M. Hopkins and others, trustees of
the Chesaning State Bank, against Joyce A. Judd,
Edward M. Perrot and others to enforce a stockhold-
ers' assessment. From decree dismissing bill as to
defendant Perrot and enforcing assessment against
defendant Judd but ordering reinstatement of stock,
plaintiffs appeal. Reversed and remanded.

*Chas. W. Cheeney,* for plaintiffs.

*Clarence J. Brainerd,* for defendant Judd.

*Otto, Holland & Otto,* for defendant Perrot.

BUSHNELL, J. The Chesaning State Bank closed when a banking holiday was declared February 14, 1933, by the governor. A conservator, appointed in May of the same year, submitted his report and a proposed plan for reopening the bank under the provisions of Act No. 32, Pub. Acts 1933 (Stat. Ann. § 23.91 *et seq.*). This plan was approved by the governor, and on June 2, 1933, the State banking commissioner, with the approval of the governer, ordered an assessment against each stockholder equal in amount to the par value of the stock. Demand was made for the payment of this assessment, and on May 25, 1934, the banking commissioner, under the authority of Act No. 32, Pub. Acts 1933, and 3 Comp. Laws 1929, § 11898 *et seq.* (Stat. Ann. § 23.1 *et seq.*), as amended, ordered the cancellation of the shares of those stockholders who failed to pay their assessments, and stated in his order that "it is further ordered that such cancellation of stock will not relieve the owner of the same or any person or persons liable for the payment of the assessment from liability and responsibility to pay said assessment which may be enforced by suit at law or in equity, and it is further ordered that the payment of the assessment after the stock is so cancelled will not entitle the persons so paying to either the reinstatement of such stock or a proportionate amount of new stock of the above-mentioned bank as and when reorganized."

A bill of complaint was filed by the trustees of the Chesaning State Bank seeking a money decree against certain defendants for the assessments

claimed to be due. Among these defendants are Joyce A. Judd and Edward M. Perrot. The trustees appeal from a decree in their favor against defendant Judd in the sum of $1,527.08, because of the inclusion in the decree of the proviso that "if said judgment is paid within 30 days from the date of this decree, said defendant Joyce A. Judd may have her stock reinstated."

They also appeal from the decree dismissing the bill of complaint as to defendant Perrot on the ground that, being a minor and having refused to accept a bequest of the stock upon attaining his majority, personal liability could not attach to him.

Edward M. Perrot, Sr., foster father of defendant Perrot, the owner of 10 shares of stock in the Chesaning State Bank, died in 1925. Perrot's will was allowed, his estate administered, and Mrs. Perrot was appointed the guardian of defendant Perrot, a minor. During her administration of the minor's estate she received $880 in dividends on the stock. The assessment was dated June 2, 1933, and defendant Perrot attained his majority on September 28, 1933. On October 2, 1933, there was filed in the probate court for the county of Saginaw a release and discharge of his guardian and her bondsmen, wherein Perrot acknowledged that Mrs. Perrot had fully accounted for and paid over to him all of his money and effects, except "Cert. 279 for 10 shares of stock in Chesaning State Bank, which I refused to accept."

The record before us contains little testimony as to the estate of Edward M. Perrot, deceased, and we cannot determine whether defendant Perrot, as distributee, received assets exceeding in value the amount of the assessment levied against the stock belonging to the deceased.

Under the authority of *Bicknell* v. *Hemmeter*, 289 Mich. 544; *Lawrence* v. *DeBoer*, 273 Mich. 172;

*Schutz* v. *Read,* 284 Mich. 548, and *Seabury* v. *Green,* 294 U. S. 165 (55 Sup. Ct. 373, 96 A. L. R. 1463), defendant Perrot cannot be held as a stockholder but is liable as a distributee of the assets of the estate of the deceased stockholder.

A different situation exists as to defendant Joyce A. Judd. In her answer to plaintiffs' bill of complaint she offered to cause to be deposited with the clerk of the court a sum of money fully covering the stock assessment and interest to date, less such dividends as would have accrued to her, and claimed the right to have her cancelled stock reissued. The situation thus presented is controlled by *In re Burger's Estate,* 276 Mich. 485, and *Culp* v. *First Commercial Savings Bank of Constantine,* 288 Mich. 646. In those cases Charles M. Burger, a stockholder of the First Commercial Savings Bank of Constantine, had failed to pay his stock assessment and his stock was cancelled by the commissioner. The assessment on this stock was held valid. Plaintiff Culp, a residuary legatee under the will of Burger, filed a bill in equity against the reorganized bank asking that it be decreed to recognize the cancelled stock certificate as representing stock in the reorganized bank or that a like amount of stock be issued to him. This court affirmed a decree dismissing Culp's bill, saying that "Burger's right to participate in the reorganization of the bank depended solely upon the action of the depositors, and by virtue of the statutes applying thereto."

In the light of these authorities, Mrs. Judd could not stand by and let others assume the risk of reorganization and, without assisting or participating therein, profit thereby. The trial court was in error in ordering reissuance of the stock to Mrs. Judd.

The cause is remanded for further proceedings as to defendant Perrot, and the trial court is directed

to modify its decree and delete therefrom the provision for the reissuance of the stock to Mrs. Judd. Costs to appellants.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.