BANKING COMMISSION OF WISCONSIN *v.* JACOBSON.

(In Banc.   Nov. 10, 1941.)

[4 So. (2d) 537.   No. 34719.]

**Dabney & Dabney**, of Vicksburg, for appellant.

**Wm. I McKay** and **Leonard E. Nelson,** both of Vicksburg, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The Milwaukee Commercial Bank was a state bank doing a general banking business in the City of Milwaukee, in the State of Wisconsin, under the laws of that state. The bank became what is termed a delinquent bank in Wisconsin law, and under that law possession was taken of it by the state banking authorities on May 25, 1933. Upon the delinquency of the bank each stockholder therein became liable to an assessment in an amount equal to the face value of his stock. On May 31, 1933, the Commissioner of Banking for the State of Wisconsin made an assessment against each stockholder of 100% of the amount of his stock and notified the stockholders,

including appellee who then held stock in said bank in the face value of $1,100. Appellee paid $550 on the assessment, but has failed to pay the balance. For this balance an action was instituted by the Wisconsin Banking Commission in the county court of Warren County in this State, the county of the residence of appellee.

A demurrer was interposed by appellee and was sustained, and the action was dismissed. The ground upon which the demurrer was sustained, as we gather from appellee's brief, was that there is no allegation in the declaration that there were any unpaid debts or creditors of the bank at the time the action was instituted, no showing of any necessity for the collection now sought to be enforced. The ground and contention is not well founded, and the demurrer should have been overruled.

In Schwenker v. Bekkedal, 204 Wis. 546, 236 N. W. 581, it was held that the stockholder's liability in an amount equal to the face value of his stock accrues and the payment thereof becomes due forthwith upon the taking of possession of the delinquent bank by the banking commission, and that the liability may be at once enforced by suit. And in the event the payments by stockholders shall exceed the amount necessary, after payment of expenses and the claims of creditors, the stockholders will be reimbursed in the amount of the excess. Thus it is to be seen that the question which appellee has sought to raise is one with which the courts in this State have nothing to do.

The rule in respect to double liability statutes framed along the lines of the National Bank Act, as are the Wisconsin statutes, is that the determination by the banking authorities in charge of the affairs of an insolvent bank as to the propriety and necessity and amount of an assessment against the stockholders is conclusive on the stockholder in an action to enforce the assessment. It is his duty to pay the assessment, and if the call has been unnecessary or has been excessive his complaint about this or in regard to any other complaint which he deems

himself entitled to make must be preferred before the banking authorities or the tribunal which has charge of the liquidation and which controls and directs the application and distribution of the assets of the delinquent institution. Numerous of the authorities to the above effect are collected in the footnotes in 9 C. J. S., Banks and Banking, sec. 96, pp. 190, 191.

And the reason for the rule as stated is all that is necessary to sustain it. Stockholders often live in several states or in several different parts of the same state. If questions such as appellee has sought to raise here should be entertained by the various courts in various states or in the several sections of the same state, the result would be to scatter the interests of the liquidation, destroy its unity, load it with excessive expenses of outside litigation and delay its final termination.

Appellee has further pressed the point by filing in this court a plea in abatement of the appeal in which it is alleged that all depositors and other creditors of the delinquent bank have been fully paid, save that they have received no interest on the amount of their claims, and appellee says that they are not entitled to interest. If we were authorized to decide the question of interest, we might refer to two of the later decisions which we have happened to notice, Hackney v. Hood, 203 N. C. 486, 166 S. E. 323, and State ex rel. v. Park Bank & Trust Co., 151 Tenn. 195, 268 S. W. 638, 39 A. L. R. 449, wherein it is held that depositors and creditors of an insolvent bank are entitled on liquidation to interest; but for the reason already stated, this is a question to be decided in Wisconsin. What we are to do here is to give judgment on the assessment with interest from the date thereof, if appellee was a stockholder when the bank was taken over, and remit all other questions to the jurisdiction where the liquidation is being handled.

Reversed and remanded.