## McKinstry et al. *v.* Russell

[No. 17,508. Filed January 29, 1947. Rehearing Denied March 31, 1947. Transfer Denied May 13, 1947.]

396

*Seebirt, Oare & Deahl,* of South Bend, for appellants.

*Jay & Bontrager,* of Elkhart, for appellee.

BOWEN, J.—This is an action based upon an amended claim filed in the name of Mark S. McKinstry, Benjamin S. Peck and Claus H. Kruizenga, as trustees of the segregated assets of the Home Savings Bank of Kalamazoo, Michigan, against the estate of Agnes B. Russell, deceased, an Indiana resident, to enforce the super-added liability incident to ownership of capital stock in banks organized in the State of Michigan. Agnes B. Russell, at the time of the making of the alleged assess-

ment by the Commissioner of Banking of the State of Michigan, was the owner by inheritance from the estate of William H. Russell of 30 shares of the capital stock of the aforementioned bank of the par value of $100 per share.

This is the second appeal in this case. The first appeal was decided by this court in *McKinstry* v. *Russell* (1943), 114 Ind. App. 27, 49 N. E. (2d) 349.

The present appeal, however, involves substantially different questions than the former.

After the reversal on the former appeal and the certification of this cause back to the Elkhart Superior Court, the appellee filed a supplemental plea in abatement which in substance alleged that the claim sued on was based upon the statutory liability imposed by the State of Michigan; that such liability may only be enforced in a suit by a bank in process of liquidation or by any receiver or other officer succeeding to the legal rights of the bank and that since all of the obligations and creditors of the Home Savings Bank of Kalamazoo have been paid in full and no obligations remain unsatisfied, this action cannot be maintained. That the appellants, McKinstry, Peck and Kruizenga, to whom the claim had been assigned under a plan of reorganization of the bank, have fully performed their duties in the matter of the liquidation, have made their final report showing that the assets so placed in their hands have been fully liquidated and all obligations and creditors of said bank fully paid. That such final report was approved by the Banking Commissioner and the Governor of Michigan and such trustees discharged in July, 1942, and such trustees have no legal capacity to maintain this action; that no successors have been appointed to succeed such trustees, and said Home Savings Bank is not in process of liquida-

tion and not in the hands of a receiver or any officer succeeding to the legal rights of said bank to maintain this suit.

The appellant's demurrer to appellee's plea in abatement was overruled, and appellants filed a reply in two paragraphs, the first of which was a denial and in the second paragraph setting forth the assignment back from the trustees to the reorganized bank, and alleging that appellants are authorized to maintain this action for the benefit of the assignee bank, and that the bank has a right to maintain the action in the name of the trustees.

A demurrer was filed to this reply on the grounds that the appellants did not have legal capacity to maintain the action; that the added liability and assessment sued upon is not assignable, and that the assignment conveys no right in the assignee bank to maintain or continue this action, either in the name of the plaintiffs or its own name.

The court sustained appellee's demurrer to the appellants' second paragraph of reply. Appellants made a motion to substitute the Home Savings Bank of Kalamazoo, Michigan, as plaintiff, which was denied by the court.

The cause was submitted for trial upon appellee's plea in abatement and appellants' first paragraph of reply which was a denial.

The evidence consisted of an agreed statement of facts which was stipulated and certain exhibits introduced into evidence by the parties.

From the evidence, it appears that a conservator was appointed on March 23, 1933, by the Commissioner of the Banking Department of the State of Michigan to take over the management and liquidation of the Home Savings Bank of Kalamazoo, Michigan. Subsequent to

such appointment, the conservator made a report recommending a plan for the reorganization and reopening of such bank which was adopted by the Commissioner of Banking. Such report also contained a recommendation that the Commissioner of Banking levy and proceed to collect a one hundred per cent (100%) stock assessment against the stockholders of the bank. Such assessment was levied in accordance with such recommendation by the Commissioner of Banking on July 25, 1933, and included in such assessment the 30 shares of stock owned by the appellee. Thereafter, on August 29, 1933, the assets of the Home Savings Bank of Kalamazoo, Michigan, were assigned to trustees in liquidation, in accordance with the trust agreement executed between the conservator and the Home Savings Bank, and such trustees, as a part of said reorganization plan. On June 30, 1942, the appellants herein, as trustees in liquidation, assigned the claim involved in this cause to the reorganized Home Savings Bank of Kalamazoo, Michigan. Such assignment expressly assigned all right, title and interest of said trustees in the liability of appellee growing out of the ownership of said 30 shares of capital stock of the Home Savings Bank and their right, title and interest in and to any amount recovered in this cause pending in the Elkhart Superior Court in Elkhart, Indiana.

On July 7, 1942, an order was made by the Commissioner of the Banking Department of the State of Michigan terminating the trust under the trust agreement which was a part of the plan for reorganization. This order recited that the liquidation of the segregated assets had been completed, and that the holders of participation certificates had been paid in full, as determined by the Commissioner of Banking, or that the provision had been made with the approval of said

Commissioner whereby the holders of outstanding certificates would be paid in full, as determined by the Commissioner of Banking by the Home Savings Bank of Kalamazoo, Michigan. This order also recites that the Home Savings Bank of Kalamazoo, Michigan, with the approval of said Commissioner, had agreed to pay all other liabilities of the trust; and that all remaining assets of the trust had been assigned with the approval of said Commissioner to the Home Savings Bank of Kalamazoo, Michigan, pursuant to the provisions of said trust agreement. The order recites that there had been filed in the Banking Department proof of complete administration of the trust and that this order terminated the trust and discharged the trustees as of June 30, 1942.

It was further stipulated by the parties that the Home Savings Bank of Kalamazoo, Michigan, as reorganized, is now a solvent going bank, has paid all of its portion of the liabilities of said bank assumed by it, and existing at the time of the reorganization of the bank, and that all of the assets were turned over to the reorganized bank by the trustees when they were discharged.

It was further stipulated that the Home Savings Bank is not now in the hands of a receiver or conservator or other legal officers succeeding to the rights of said bank; that other stockholders of the bank have paid an aggregate amount of $138,800.00 which was applied upon the payment of the liabilities of the bank, and no portion of which has been repaid them except that they have retained their stock in the reorganized bank; that the 30 shares of stock belonging to appellee were, on May 30, 1934, cancelled for non-payment of assessment and no one has paid this assessment.

Upon the above facts introduced at the hearing upon the issues joined, the court rendered judgment that the

action shall abate, and that the defendant recover of the plaintiff his costs and charges.

The appellants filed a motion for a new trial which was overruled by the court and the appeal prosecuted to this court.

Errors assigned for reversal by appellants were:

1. The Court erred in overruling appellants' Demurrer to appellee's Plea in Abatement.

2. The Court erred in sustaining the appellee's Demurrer to the Second Paragraph of the Second Amended Answer or Reply to the Plea in Abatement.

3. The Court erred in denying appellants' request and motion to substitute Home Savings Bank of Kalamazoo, Michigan, as plaintiff.

4. The Court erred in overruling the appellants' Motion for a New Trial.

The grounds of appellants' motion for a new trial were (1) that the decision of the court is not sustained by sufficient evidence; and (2) that the decision of the court is contrary to law.

The appellee claims that appellants have waived all errors assigned by not conforming their brief to Rule 2-17 of the Rules of the Supreme Court of Indiana, revised edition, 1943, and that this cause should be affirmed for such failure.

A careful consideration and examination of appellants' brief in connection with appellee's objections convinces us that most of appellee's objections are technical and upon a basis of a careful consideration of the brief, we are convinced that a good faith effort has been made by appellants' counsel to prepare the brief in conformity with the requirements of this court, and that it appears that the brief maker had in mind the various rules and has so prepared and presented his questions that under the rules

and with full consideration thereof, this court is able to fully understand the various points made by the brief maker.

Under the decisions of both the Indiana Supreme and Appellate Courts, we must rule that the brief of appellants is therefore sufficient. *Linville* v. *Chenoweth* (1945), 115 Ind. App. 355, 59 N. E. (2d) 129; *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 71, 46 N. E. (2d) 836; *Kist* v. *Coughlin* (1944), 222 Ind. 639, 649, 57 N. E. (2d) 199.

In considering the legal propositions raised by appellants' other assignments of error, we must first recognize that the validity of appellants' claim, since it is based on a Michigan statute and a Michigan contract, must be determined by the law of Michigan. The substantive rights and liabilities of parties are fixed by the law of that State and the matter of procedure is controlled by the law of this State. *McKinstry* v. *Russell* (1943), 114 Ind. App. 27, 49 N. E. (2d) 349; *Broderick* v. *Rosner* (1935), 294 U. S. 629, 100 A. L. R. 1133; *Modern Woodmen* v. *Mixer* (1924), 267 U. S. 544, 69 L. Ed. 783; 9 C. J. S. 170 and cases cited therein.

At the time this case was presented to this court in the first appeal, the liquidation had not been completed and the trustees had not been discharged, nor had the assets been transferred to the reorganized bank. In the present appeal, the question is presented, which was not before us in the first appeal, of the right of the assignee, the reorganized bank, to maintain this action in the name of the trustees.

Considering the procedural question first, whether it is proper for this action to be maintained in the name of the trustees, we must take into account the provisions of § 2-227, Burns' 1946 Replacement: "No action

shall abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. . . . . *In case of any other tranfer of interest, the action shall be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action.*" (Our italics.)

The transfer of a plaintiff's interest pending suit (unless by death) does not in general affect the disposition of the action. "The common law rule was that, except in the case of the transfer of a negotiable instrument, an assignee or transferee took subject to the outcome of pending litigation. The above quoted statute appears to state the substance of the common law rule although no exception is made in favor of negotiable instruments." Gavit, Indiana Pleading and Practice, § 214, pp. 1535, 6, § 246, p. 1792.

It is stated in 1 Corpus Juris Secundum, p. 163:

"A statute, granting the power to continue the action in the name of the original party, or for the substitution of the new party in interest, has been construed as not vesting in such new party in interest an absolute right of substitution, but as vesting in the court a discretion in the matter of granting or withholding the relief. However, as between the transferee and the transferor, a statute authorizing the continuance of a suit, after a transfer of the subject matter, in the name of the original party, or by the person to whom a transfer has been made, exists solely for the benefit of the transferee, and not for the benefit of the transferor, and he alone has the right to elect as to whether the action, after a transfer of subject matter, shall be carried on in the name of the original party, or whether he will proceed as a substituted party in his own name. The fact that after such transfer the action may be carried on in the name of the original party does not make such original party a party in interest that may there-

after in any manner control the procedure of the action."

The reorganized bank in the instant case would have the right to carry on the action either in the names of the original appellants or upon its substitution as appellant as it elects. The continuation of the suit in the name of the assignor cannot be objected to by the assignor nor the defendant.

We next come to a consideration of the substantive law involved in the questions raised by appellants' assignments of error. We must determine whether or not a stockholder's assessment made by the Commissioner of Banking of the State of Michigan is an asset of a bank in liquidation which can be assigned, and whether, after such assignment, an action begun by trustees in liquidation can be continued and enforced in the name of such trustees by the reorganized bank to which such assignment was made, after the liquidation of the original bank has been terminated by the Banking Commissioner and the Governor.

The appellees contend that the super-added liability does not survive the payment of all of the obligations of the insolvent bank and termination of the liquidation of the insolvent bank. The appellants claim that the appellee's liability was in no way affected or changed by the liquidation of the bank's assets and the payment of the bank's debts, nor the termination of liquidation of the insolvent bank. The appellants contend that the Michigan statute upon which the claim is based provides that the liability of the bank stockholders "is equally and ratably, and not one for another," and that a theory by which appellee's liability would be changed or reduced by the liquidation of the bank's assets would make the stockholders liable one for another and not liable equally and ratably.

The Michigan statute involved, § 11945, Compiled Laws, 1929, of the State of Michigan, ch. 231, p. 4232, provides:

"The stockholders of every bank shall be individually liable, equally and ratably, and not one (1) for another, to satisfy the obligations of said bank to the amount of their stock; . . . . . . Such liability may be enforced in a suit at law or in equity by any such bank in process of liquidation, or by any receiver, or other officer succeeding to the legal rights of said bank."

The above statute with respect to super-added liability is framed in substance in accordance with the National Banking Act.

In the case of *Banking Commission of Wisconsin* v. *Jacobson* (1941), 192 Miss. 20, 4 So. (2d) 537, the Banking Commission of Wisconsin sought to enforce the double liability on stock in a Wisconsin State Bank against one of its stockholders living in Mississippi. The Wisconsin statute, as the statute in the instant case, was framed along the lines of the National Banking Act creating double liability. A demurrer was interposed by the defendant stockholder, which was sustained, on the ground that there was no allegation in the complaint that there were unpaid debts or creditors of the bank at the time the action was instituted. The Supreme Court of Mississippi reversed the trial court on the ground that the stockholder's contention was not well-founded and the demurrer should have been overruled and stated at p. 538:

"The rule in respect to double liability statutes framed along the lines of the National Bank Act, as are the Wisconsin statutes, is that the determination by the banking authorities in charge of the affairs of an insolvent bank as to the propriety and necessity and amount of an assessment against the stockholders is conclusive on the stockholder in an

action to enforce the assessment. It is his duty to pay the assessment, and if the call has been unnecessary or has been excessive his complaint about this or in regard to any other complaint which he deems himself entitled to make must be preferred before the banking authorities or the tribunal which has charge of the liquidation and which controls and directs the application and distribution of the assets of the delinquent institution. . . .

"And the reason for the rule as stated is all that is necessary to sustain it. Stockholders often live in several states or in several different parts of the same state. If questions such as appellee has sought to raise here should be entertained by the various courts in various states or in the several sections of the same state, the result would be to scatter the interests of the liquidation, destroy its unity, load it with excessive expenses of outside litigation and delay its final termination."

We are inclined to adopt with approval the above quoted reasoning. In this Mississippi case, however, it is to be noted that the action was instituted by the banking commission and the decision, therefore, relates only to the question of the effect of the payment of the bank's liabilities as effecting the obligations of the stockholders. In the instant case, a more difficult question is presented since the action is not brought by the banking authorities of Michigan but by an assignee.

The Michigan statute, like the Wisconsin statute and the National Banking Act, specifically states that the stockholders of every bank shall be individually liable, *equally and ratably, and not one for another.* (Our italics.) To permit a single stockholder to defeat the payment of the full amount of his assessment, as in the instant case, on the ground that the debts and liabilities of the bank had been paid by the other stockholders would result in a contravention of this statute and make stockholders liable one for another.

If the call and assessment has been unnecessary or has been excessive, full relief was properly afforded to any complaining stockholder before the banking authorities and the tribunal which has charge of the liquidation and disposition of the assets of the bank. The stockholder in the instant case is not entitled to an abatement of the entire amount of his assessment as contended for, but he would only be entitled to his proportionate part of any payment which might be deemed to be excessive.

The question of whether any assessments ordered by the Commissioner of Banking were excessive could only be fairly and properly settled and determined by the banking authorities and the tribunal which had complete charge of the liquidation of the institution. Such relief was available to the appellee in the instant case.

In the Michigan case of *Paw Paw Depositors Corporation* v. *C. G. Albert, Inc.* (1937), 281 Mich. 411, 275 N. W. 190, a savings bank was closed by reason of an involuntary liquidation instituted by the State Banking Commissioner and ordered by the Governor, and a conservator of its assets was appointed. Following this, an assessment on the stockholders was made by the Banking Commissioner with the approval of the Governor. A petition for reorganization of the bank was filed and approved under which the Paw Paw Depositors Corporation was organized, and such corporation under a reorganization agreement received a transfer of the assets of the bank and acted as a liquidating agent of the savings bank. The defendant stockholder contended that the said Depositors Corporation could not enforce the stockholders' assessment against the defendant because such corporation, as plaintiff in the action, could not act as liquidating agent of a non-

existing corporation. The Supreme Court of Michigan disposed of this question in the following words: "We think there is no question the instrument transferring the statutory liability to the plaintiff conveyed the legal title of the interest covered by the power and that plaintiff has a right to sue," citing *Baker* v. *Baird,* 79 Mich. 255, 44 N. W. 604; *Weaver* v. *Richards,* 144 Mich. 395, 108 N. W. 382, 6 L. R. A. (N. S.) 855. The court further added: "Nor do we think there is any question that the right to enforce the statutory liability of the stockholders in the bank in question passed to the plaintiff under the facts in this case."

Appellee has cited the following Illinois cases in support of his contention that the super-added liability does not survive the payment of all of the obligations of the insolvent bank and the termination of the liquidation of such bank and that such stockholders' assessments are not assignable. *Burket* v. *Reliance Bank & Trust Co.* (1937), 366 Ill. 98, 7 N. E. (2d) 850; *Burket* v. *Reliance Bank & Trust Co.* (1938), 296 Ill. App. 406, 16 N. E. (2d) 408; *Swartz* v. *Broadway Trust & Savings Bank* (1937), 291 Ill. App. 460, 10 N. E. (2d) 147.

The liability of bank stockholders in Illinois is provided for by § 6 of Art. 11 of the Constitution of Illinois which provides that:

"Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

Such provisions, therefore, are wholly unlike the Michigan statute involved herein based upon the National Banking Act. Also, we must give effect to the substantive law of the State of Michigan in deciding

the instant case. The Illinois cases, *supra*, relied upon by appellee, are not controlling nor helpful in the determination of the issues involved in the case at bar.

The Supreme Court of Michigan has upheld the validity of an assignment of a stockholder's assessment in the following cases: *American State Bank* v. *Aaron* (1935), 271 Mich. 147, 260 N. W. 141; *Walper* v. *Knowles* (1940), 295 Mich. 687, 295 N. W. 363; *Paw Paw Depositors Corp.* v. *C. G. Albert, Inc., supra; In Re Burger's Est.,* (1936), 276 Mich. 485, 267 N. W. 887; *Culp* v. *Commercial Savings Bank* (1939), 288 Mich. 646, 286 N. W. 113.

Since the Supreme Court of Michigan has recognized and approved the rule that a stockholder's assessment made by the Commissioner of Banking is such an asset of a bank in liquidation as can be transferred and assigned, it follows as a necessary corollary to such rule that an assignee receiving an assignment of a stockholder's assessment should be permitted to enforce it by suit. To decide otherwise, and to deny an assignee the right to enforce such a claim would render any such assignment a nullity.

Long and unreasonable delay would be encountered in the liquidation of banks should the liquidating agency be deprived of the right to dispose of its assets including properly levied stockholders' assessments by assignment.

By reason of the conclusions which we have reached herein, the decision of the trial court is contrary to law, and the court committed error in overruling appellants' motion for a new trial.

The appellants also assign error in the overruling of appellants' demurrer to appellee's plea in abatement.

Pleas in abatement are not regarded with favor, and such pleas must be full and certain and must exclude

all such matter as would, if alleged by the opposite party, defeat the plea. *Needham* v. *Wright* (1895), 140 Ind. 190, 39 N. E. 510; *National Live Stock Insurance Co.* v. *Wolfe* (1915), 59 Ind. App. 418, 422, 106 N. E. 390.

The failure of the appellee in his plea in abatement to negative any assignment of the claim sued on by the trustees in liquidation was fatal to the plea in abatement and appellants' demurrer to appellee's plea in abatement should have been sustained.

By reasons of the conclusions reached herein on the substantive law questions, the court also committed error in sustaining appellee's demurrer to the Second Paragraph of the pleading designated as the Second Amended Answer or Reply to the plea in abatement.

This cause is hereby reversed with instructions to the trial court to sustain appellants' motion for a new trial and to sustain appellants' demurrer to appellee's plea in abatement and to overrule appellee's demurrer to the Second Paragraph of the pleading designated as the Second Amended Answer or Reply to appellee's plea in abatement, and for such further proceedings as may be consistent herewith.

NOTE.—Reported in 70 N. E. (2d) 757.